## 75853. EVANS v. THE STATE.
### (366 SE2d 325)

DEEN, Presiding Judge.

Appellant Evans was indicted for burglary, aggravated assault, making terroristic threats, and possession of a firearm by a convicted felon, all in connection with the burglary of a residence and the subsequent shooting of one of the occupants. He was acquitted on the burglary charge but convicted on the remaining three charges and sentenced to fifteen years' confinement. After denial of his motion for new trial on the general grounds, he appeals to this court, enumerating as error the denial of his motion for mistrial, together with the general grounds. *Held:*

1. A careful examination of the record indicates that appellant's enumeration of the general grounds is without merit. The evidence is sufficient to authorize the rational trier of fact to find appellant guilty as charged of the offenses of aggravated assault, uttering terroristic threats, and possession of a firearm by a convicted felon. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant assigns error to the denial of his motion for mistrial, predicated on an allegedly improper remark made by the prosecutor in reference to the voluntariness of statements made to police officers by the defendant. The argument advanced by appellant as the basis for the motion for mistrial, and for the enumeration of the denial as error, is that, if it is improper under OCGA § 17-8-57 (former 17-8-55) for the trial court to express an opinion on the evidence, it is emi-

nently more improper for the prosecuting attorney to do so. The Supreme Court of Georgia has expressly held that the strictures the cited statute imposes upon the court do not apply to the prosecuting attorney. See *Allen v. State*, 194 Ga. 178, 184 (21 SE2d 73) (1942). Moreover, as the transcript reveals and appellant concedes, the trial court instructed the jury fully as to its prerogative of determining the voluntariness of a statement by the defendant, as well as of assessing the credibility of witnesses and the weight to be given their testimony. We find no merit in this enumeration.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED FEBRUARY 3, 1988 —
REHEARING DENIED FEBRUARY 24, 1988 — 

*Carl Greenberg*, for appellant.

*Robert E. Wilson, District Attorney, James M. McDaniel, Helen A. Pryles, Assistant District Attorneys*, for appellee.