### 77744. EVANS v. CITY OF ATLANTA et al.
(377 SE2d 31)

McMURRAY, Presiding Judge.

Appellant, who is serving a 15-year sentence for aggravated assault, terroristic threat and possession of a firearm by a convicted felon,[1] mailed from the Central Correctional Institution in Macon, Georgia an "Inmate Form for Civil Action," a pauper's affidavit and other papers to the Clerk of the Superior Court of Fulton County. The pleadings were presented to a superior court judge for review prior to filing and the court held that "the pleadings show on their face such a complete absence of any justiciable issue of law or fact that it cannot be reasonably believed that the court should grant any relief against any parties named in the pleadings and therefore deny the filing of the pleading." This appeal followed. *Held*:

OCGA § 9-15-2 (d) provides in part as follows: "When a civil action is presented for filing under this Code section by a party who is not represented by an attorney, the clerk of court shall not file the matter but shall present the complaint or other initial pleading to a judge of the court. The judge shall review the pleading and, if the judge determines that the pleading shows on its face such a complete absence of any justiciable issue of law or fact that it cannot be reasonably believed that the court could grant any relief against any party named in the pleading, then the judge shall enter an order denying filing of the pleading."

"When examining a complaint, courts are compelled to determine whether the facts alleged state a claim for relief under which the plaintiff may recover. It is not necessary that the complaint be perfect in form or set out all of the issues with particularity, it is necessary only to place the defendant on notice of the claim against him. OCGA § 9-11-8; *Sheppard v. Yara Engineering Corp.*, 248 Ga. 147, 149, 150 (281 SE2d 586)." *Walton v. James & Dean, Inc.*, 177 Ga. App. 77, 78 (1) (338 SE2d 516).

In the case sub judice, appellant attempted to file, pro se, a lawsuit against three law enforcement officers, the police officers' governmental employers and a municipal court judge, asserting "legal negligence, obstruction of public administration, abuse of governmental office, conspiracy [and] prejudice." In a confusing and convoluted

---

[1] Appellant's convictions were affirmed on appeal in *Evans v. State*, 186 Ga. App. 37 (366 SE2d 325).

statement of facts, appellant alleged that the police officers arrested him illegally; that one of the officers knowingly perjured himself and manipulated evidence to secure appellant's conviction; that the municipal court judge considered non-probative evidence at a pre-trial hearing and that the judge was prejudiced against appellant because the judge was the victim of a crime for which appellant had been charged. From these allegations, it is apparent that appellant's claim against the municipal court judge is barred by the doctrine of judicial immunity. *Bauers v. Heisel*, 361 F2d 581 (3d Cir. 1966). See *Calhoun v. Little*, 106 Ga. 336 (2) (32 SE 86) and *Hill v. Bartlett*, 126 Ga. App. 833, 836 (1) (192 SE2d 427). However, "[w]e cannot say with assurance that under the allegations of the *pro se* complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears 'beyond doubt that the [appellant] can prove no set of facts in support of his [claims against the law enforcement officers and their governmental employers] which would entitle him to relief.' *Conley v. Gibson*, 355 U. S. 41, 45-46 (1957). See *Dioguardi v. Durning*, 139 F2d 774 (CA2 1944)." *Haines v. Kerner*, 404 U. S. 519, 520, 521 (92 SC 594, 30 LE2d 652). A liberal reading of appellant's pleading in the case sub judice reveals a potential Civil Rights action under 42 USCA § 1983.[2] Accordingly, without expressing a view as to the merits of appellant's allegations, we conclude that he is entitled to file his action against the law enforcement officers and their respective governmental employers. See *Acker v. Veal*, 183 Ga. App. 297 (359 SE2d 7). Compare *Hogan v. Peters*, 181 Ga. App. 670 (353 SE2d 601). This case is remanded to the trial court with direction that its prior judgment be vacated and that the trial court enter an order denying filing as to the action against the municipal court judge and allowing filing as to the other named defendants.

*Judgment vacated and case remanded with direction. Pope and Benham, JJ., concur.*

---

[2] "Section 1983 of the Civil Rights Act prescribes two elements which are essential for establishing a cause of action: (1) The conduct complained of must have been done by some person acting under color of law; and (2) Such conduct must have subjected the complainant to the deprivation of rights, privileges or immunities secured to him by the Constitution and laws of the United States. *Basista v. Weir*, 340 F2d 74 (3rd Cir. 1965). 'Under color of law' has been construed to mean 'under color of any statute, ordinance, regulation, custom or usage, of any State or Territory.' *Henig v. Odorioso*, 385 F2d 491, 494 (3rd Cir. 1967), and cases cited therein. This requirement has been further clarified in *Henig*, supra, in that there must be '(m)isuse of power possessed by virtue of state law and made possible only because the wrongdoer is clothed with authority of state law' citing, inter alia, *United States v. Classic*, 313 U. S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1940)." *Brzozowski v. Randall*, 281 FSupp. 306, 310, 311 (1968).

DECIDED DECEMBER 5, 1988.

Richard Evans, *pro se.*
Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney, for appellee.