A91A2208. WASHINGTON v. RUCKER.
(415 SE2d 919)

SOGNIER, Chief Judge.

Robert Lee Washington, Sr. presented for filing in the Superior Court of Fulton County a pro se complaint alleging legal malpractice by the named defendant, William Rucker. Pursuant to OCGA § 9-15-2 (d), the pleadings were forwarded to a superior court judge for review prior to filing, and the judge entered an order denying filing on the ground that the complaint failed to set forth a justiciable claim as defined in the statute. Washington filed a pro se appeal to this court.

When examining a pro se complaint, a court should hold it to less stringent standards than formal pleadings drafted by lawyers and should deny filing only if " 'it appears "beyond doubt that the (appellant) can prove no set of facts in support of his [claim] which would entitle him to relief." [Cits.]' [Cit.]" *Evans v. City of Atlanta*, 189 Ga. App. 566, 567 (377 SE2d 31) (1988). So construed, appellant's complaint alleges that he engaged appellee to represent him in an employment discrimination claim to be filed in federal court; that in September 1988 when appellee filed the discrimination complaint in United States District Court for the Middle District of Georgia he was not admitted to practice before that court; that by August 1989 appellee had indicated to appellant that he intended to withdraw as counsel because he was suffering from a chronic illness and because a recent ruling by the United States Supreme Court had increased the burden of proof for appellant's claim; that on November 8, 1989 the district court judge entered an order granting appellee's petition to withdraw on the ground of "apparently insurmountable differences between plaintiff and counsel and a mutual agreement that their attorney-client relationship should be ended"; that appellant was unable to obtain substitute counsel; and that appellant's case was tried in January 1990, with appellant appearing pro se, and judgment was entered for the defendant.

Pretermitting the applicability of OCGA § 9-11-9.1, we note that both the rules governing practice before our state and federal courts and also the Canons of Ethics for attorneys contemplate that attorneys may petition for and be permitted to withdraw from representation under certain circumstances. See Uniform Superior Court Rule

4.3; Ethical Consideration 2-32; Directory Rule 2-110. We are aware of no case which holds that attorney withdrawal with court permission and in accordance with the applicable rules can constitute legal malpractice. Here, appellant does not allege that the requisite rules were not followed. The district court found that the requirements had been met and authorized appellee's withdrawal. As appellant acquiesced in that ruling and does not allege that it has been challenged or reversed on appeal, we will not question the correctness of that ruling here. Accord *Sanders v. S. D. Leasing*, 189 Ga. App. 409, 410 (1) (376 SE2d 420) (1988). Since a court of law examined the circumstances, made findings of fact, and permitted appellee's withdrawal, we hold that appellant's allegations set forth no facts that could be construed to entitle him to relief.

In addition, appellant does not allege that appellee's failure to be admitted to the district court before filing the employment discrimination complaint caused any harm to appellant, and we fail to see how any such damage could be shown, as the district court obviously allowed the litigation to proceed. See *Graves v. Jones*, 184 Ga. App. 128, 130 (1) (361 SE2d 19) (1987) (negligence that was proximate cause of damage to plaintiff is an essential element of malpractice claim). Under these circumstances, we agree with the superior court that appellant's complaint showed on its face a complete absence of any justiciable issue of law or fact, see OCGA § 9-15-2 (d), and we affirm the decision below.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 18, 1992.

Robert L. Washington, Sr., *pro se.*
*William F. Rucker*, pro se.