S91A1487, S91A1489. YIZAR v. THE STATE (two cases).
(413 SE2d 448)

HUNT, Justice.

Marvin Yizar shot and killed Julius Iteld with a handgun. He was convicted of malice murder and sentenced to life in prison.[1]

1. We have reviewed the evidence in the light most favorable to the jury's determination, and conclude that a rational trier of fact could have found the defendant guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State,* 245 Ga. 89, 90 (263 SE2d 131) (1980).

2. Yizar raises ineffective assistance of counsel on the part of both the lawyer who represented him for a portion of the proceedings at trial and the lawyer who represented him on his motion for new trial. Although initially Yizar was represented at trial by appointed counsel, the trial court granted Yizar's request, made after the state had begun its case, to represent himself, with appointed counsel available for assistance. Following his conviction, Yizar filed a motion for new trial, raising ineffectiveness on the part of trial counsel, and that motion was amended by appointed counsel (different from trial counsel) in several respects, including an additional claim of ineffectiveness of trial counsel. At the hearing on the motion for new trial, Yizar's appointed counsel neither argued nor presented evidence on the ineffectiveness of trial counsel issue. Subsequently, and following

---

[1] Yizar killed the victim on January 16, 1990, and was indicted by the Fulton County Grand Jury on February 27, 1990. He was tried before a jury beginning on June 18, 1990, and the jury returned its guilty verdict on June 28, 1990. His motion for new trial, filed July 25, 1990, and amended four times thereafter, was denied on February 13, 1991. The court reporter certified the trial transcript on September 25, 1990. Yizar filed his notice of appeal on March 8, 1991, and another notice of appeal on April 1, 1991. The appeal was docketed in this court on August 12, 1991, and submitted for decision without oral argument on September 27, 1991.

the trial court's denial of the motion for new trial, the trial court considered and granted Yizar's motion that he be permitted to proceed pro se.

Ordinarily, the failure of a defendant's new, post-conviction, attorney to request a hearing on ineffectiveness of trial counsel, waives that issue. *Dawson v. State*, 258 Ga. 380, 381 (2) (369 SE2d 897) (1988). However, Yizar argues he was not permitted to be present at the motion for new trial, and that his new counsel was ineffective for failing to present evidence and argue the ineffectiveness of trial counsel, and other issues. Under these circumstances, where Yizar has requested an evidentiary hearing regarding ineffectiveness of trial counsel, but has not himself had an opportunity for one, he is not barred from proceeding with this claim, and his claim of ineffectiveness of post-conviction counsel. See *Johnson v. State*, 259 Ga. 428, 429 (3) (383 SE2d 115) (1989). Accordingly, we grant Yizar's request that the case be remanded for an evidentiary hearing in the trial court on the issues of ineffectiveness of trial counsel and post-conviction counsel and a determination of those issues by the trial court under the standards of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); see also *Baggett v. State*, 257 Ga. 735 (1) (363 SE2d 257) (1988).

3. We find no merit to Yizar's remaining enumerations of error.

*Judgment affirmed and case remanded for proceedings consistent with Division 2 of the opinion. Clarke, C. J., Weltner, P. J., Bell, Benham and Fletcher, JJ., concur.*

DECIDED FEBRUARY 20, 1992 —
RECONSIDERATION DENIED MARCH 12, 1992.

Marvin Yizar, *pro se.*

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Assistant District Attorney, Michael J. Bowers, Attorney General, Peggy R. Katz, Staff Attorney,* for appellee.