A91A2202. HAWKINS v. RICE et al.
(417 SE2d 174)

Judge Arnold Shulman.

Freddie Hawkins submitted to the Clerk of the Superior Court of Ware County an affidavit of indigency and a pro se complaint naming five defendants. Pursuant to OCGA § 9-15-2 (d) the clerk presented the pleading to the superior court judge who entered an order on August 5, 1991, refusing to allow the complaint to be filed against any of the defendants. This appeal followed.

When a civil action is instituted by an indigent party who is not represented by an attorney the trial judge is required to "review the pleading and, if the judge determines that the pleading shows on its face such a complete absence of any justiciable issue of law or fact that it cannot be reasonably believed that the court could grant any relief against any party named in the pleading, then the judge shall enter an order denying filing of the pleading." OCGA § 9-15-2 (d). " 'When examining a complaint, courts are compelled to determine whether the facts alleged state a claim for relief under which the plaintiff may recover. It is not necessary that the complaint be perfect in form or set out all of the issues with particularity, it is necessary only to place the defendant on notice of the claim against him. OCGA § 9-11-8; [Cit.]' [Cit.]." *Evans v. City of Atlanta,* 189 Ga. App. 566 (377 SE2d 31) (1988).

The complaint is convoluted at best; however, the apparent genesis of the appellant's lawsuit is a work-related injury he sustained on September 11, 1984, while employed by the Salvation Army. The administrative law judge awarded the appellant workers' compensation benefits but denied his subsequent claim for additional benefits based

on a change in condition. The appellant now seeks to sue the ALJ for "obstruction of justice" and "cruel and unusual punishment," along with his employer's insurance carrier and the trucking firm which operated the truck on which he claims he suffered his disabling injury. He additionally advances "ineffective assistance of counsel" and "breach of contract" with regard to two attorneys who had represented him during various stages of his workers' compensation case. From the outset, it is apparent that there exists no justiciable issue against the ALJ as the claim against him is barred by the doctrine of judicial immunity. See *Evans v. City of Atlanta,* supra. Likewise, any claim against his employer's insurance carrier is precluded by the exclusive remedy provision of the Workers' Compensation Act (OCGA §§ 34-9-11 (a); 34-9-1 (3)). And, the claim asserted against the trucking company is not a cognizable claim as it is based solely on allegations that it obstructed justice by failing to acknowledge receipt of correspondence. The appellant's claims as to both of his attorneys, that he was deprived of counsel because they refused to continue to represent him, and his allegation that one attorney, Johnson, breached his contract by failing to continue as his legal representative, does not set forth a claim for relief. Accord *Hogan v. Peters,* 181 Ga. App. 670 (353 SE2d 601) (1987). Accordingly, as the pleading sought to be filed by the appellant demonstrates a complete absence of any justiciable issue of law or fact, the trial court did not err in entering an order denying filing of the pleading against any of the parties. Cf. *Acker v. Veal,* 183 Ga. App. 297 (359 SE2d 7) (1987).

*Judgment affirmed. Carley, P. J., and Beasley, J., concur.*

DECIDED MARCH 4, 1992 —
RECONSIDERATION DENIED MARCH 24, 1992.

Freddie Hawkins, *pro se.*
McGee & McGee, J. B. McGee, Jr., for appellees.