## S93A0716. YIZAR v. THE STATE.
(431 SE2d 114)

BENHAM, Justice.

When we initially entertained appellant's appeal from his conviction for malice murder, we affirmed the judgment of conviction and remanded the case to the trial court for an evidentiary hearing on the issues of ineffectiveness of trial counsel and post-conviction counsel,

and a determination of those issues by the trial court under the standards of *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). See *Yizar v. State,* 262 Ga. 33 (413 SE2d 448) (1992). After conducting a two-day hearing on the matter in December 1992, the trial court issued an order denying appellant's motion for new trial based on ineffective assistance of counsel. That determination is the basis for the current appeal.

1. Appellant asserts that, as a private investigator in the early 1980s, he investigated trial counsel's former partner, and contends that trial counsel therefore had a conflict of interest that should have prevented him from accepting appointment as appellant's counsel. As the trial court noted, appellant did not carry his burden of establishing an "actual conflict which caused his counsel's performance to be adversely affected." *Wharton v. Thomas,* 256 Ga. 76, 77 (343 SE2d 694) (1986).

Appellant also contends trial counsel did not properly investigate the case, failed to subpoena witnesses, and failed to file certain pretrial motions. The trial court found that trial counsel and the team of paraprofessionals he led spent an inordinate amount of time preparing for trial; that appellant took over his representation during presentation of the State's case; and that the motions suggested by appellant would have been denied had they been filed. In addition, appellant did not establish that counsel's failure to exhaust each "lead" suggested by appellant rendered trial counsel's professional assistance unreasonable. Cf. *Strickland v. Washington,* supra at 689.

2. Post-conviction counsel raised 59 issues in the amended motion for new trial. His failure to argue each point as well as the issues raised by appellant in a pro se motion for new trial at the hearing on the motion does not constitute deficient performance prejudicial to appellant. Cf. *Strickland v. Washington,* supra.

3. Appellant's remaining enumerations of error are without merit since they were decided adversely to him in the initial appeal. See *Yizar v. State,* supra, Div. 3.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 6, 1993 —
RECONSIDERATION DENIED JULY 23, 1993.

Marvin Yizar, *pro se.*

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Charles W. Smegal, Assistant District Attorneys, Michael J. Bowers, Attorney General, Peggy R. Katz, Staff Attorney,* for appellee.