## S95A1249. YIZAR v. AULT.
(462 SE2d 141)

THOMPSON, Justice.

Marvin Yizar is currently incarcerated in the general population of the Valdosta Correctional Institution where he is serving a life sentence for murder.[1] He filed a pro se petition for writ of mandamus and affidavit of indigency, in which he alleged that he had served in law enforcement in the metro Atlanta area for 20 years and that he has been attacked several times in that facility because he has arrested and prosecuted many of the inmates with whom he is housed. He sought the writ to compel Allen Ault, Commissioner of the Department of Corrections, to transfer him to protective custody at the Wayne Correctional Institution or to return him to the federal prison in Jesup, Georgia, where he was formerly housed without incident.

The trial court denied filing the petition under OCGA § 9-15-2 (d), based on its conclusion that "what petitioner requests is a discretionary matter, not something he is entitled to as a matter of right." The request to file in forma pauperis was also denied.

1. Mandamus is an extraordinary remedy which will not issue to compel a public officer to perform a discretionary act, unless a gross abuse of that discretion has been shown. OCGA § 9-6-21 (a); *Chisholm v. Cofer*, 264 Ga. 512 (448 SE2d 369) (1994).

The court may deny the filing of a civil action under OCGA § 9-15-2 (d), only if the pleading shows on its face such a complete absence of any justiciable issue of law or fact that the court could not reasonably grant any relief against any party named therein. Yizar's petition alleges that he continues to face a substantial risk of harm in the general population of the facility where he is presently housed. He further alleges that prison officials are aware of this condition and that his efforts to obtain administrative relief have been futile.

The Eighth Amendment prohibits deliberate indifference by prison officials to inmate safety if the official knows that an inmate faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U. S. ___ (114 SC 1970, 1984, 128 LE2d 811) (1994).

[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be

---

[1] See *Yizar v. State*, 262 Ga. 33 (413 SE2d 448) (1992) (affirming conviction, and remanding for consideration of claim of ineffective assistance of counsel); *Yizar v. State*, 263 Ga. 312 (431 SE2d 114) (1993) (affirming following remand).

drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. 114 SC at 1979.

We agree with respondent that there is no legal duty to place a prisoner in protective custody upon his request, and that prison officials must, in the exercise of discretion and judgment, determine the appropriate measures to avoid harm to each inmate. But, while the decision to place an inmate in protective custody is clearly within the discretion of prison officials, Yizar's petition alleges a gross abuse of that discretion under the standard of *Farmer v. Brennan.* As the pleading is not completely devoid of any justiciable issue of law or fact, it was error to deny its filing. Accordingly, the petition should be examined for consideration of the merits of Yizar's claim.

2. The untraversed affidavit of indigency in support of the request to proceed in forma pauperis showed on its face a complete absence of funds or income from any source, thus evidencing Yizar's inability to pay costs associated with the litigation. Because the court concluded that the mandamus petition failed to state a cause of action, it summarily denied the request to proceed in forma pauperis. Upon remand, the merits of the request should also be considered.

*Judgment reversed and remanded. All the Justices concur.*

DECIDED OCTOBER 2, 1995.

Marvin Yizar, *pro se.*

*Michael J. Bowers, Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, Neal B. Childers, Assistant Attorney General,* for appellee.