## S96A0283. GRAHAM v. AULT.
### (466 SE2d 213)

BENHAM, Chief Justice.

Appellant Joe Graham, Jr. is a prisoner in a state correctional institution. Acting pro se, he sought to file a petition for mandamus as an indigent person. The petition was a form pleading which Graham completed by writing "Please see attached petition and brief" in every blank space. Acting pursuant to OCGA § 9-15-2 (d), the clerk of the superior court presented the pleading to a superior court judge for review before filing. The trial court denied Graham's request to file the pleading in forma pauperis after determining that the complaint showed a complete absence of any justiciable issue of law or fact such that it could not reasonably be believed that a court could grant any relief. OCGA § 9-15-2 (d).

1. A court examining a pro se complaint should hold it to less stringent standards than those applied to pleadings drafted by attorneys, and should deny filing "only if 'it appears beyond doubt that the appellant can prove no set of facts in support of his claim which would entitle him to relief.' [Cits.]" *Washington v. Rucker,* 202 Ga. App. 888 (415 SE2d 919) (1992). The pleading need not set out all the issues with particularity, but only place the defendant on notice of the claim against him. *Hawkins v. Rice,* 203 Ga. App. 537 (417 SE2d 174) (1992).

2. The appellate record in the case at bar does not contain the pleadings and brief appellant purportedly attached to his form petition for mandamus, and the superior court clerk has been unable to ascertain the existence of the attached documentation. From the trial court's order and appellant's brief, we are able to ascertain that appellant sought to have records in the custody of the Department of Corrections made available to him. The trial court's order denying filing refers to the Open Records Act, noting that Graham had not stated whether the "requested documents" were within the purview of the Act and if any exception prevented their disclosure to appellant. Appellant's brief to this Court makes it clear that he sought mandamus relief after the Department of Corrections denied his request under the Open Records Act for certain unspecified materials. However, since we are limited to review only that which is contained in the appellate record, we are unable to surmise what relief appellant might have been seeking when he filed his mandamus petition. See *Garrison v. Dept. of Human Resources,* 184 Ga. App. 449 (1) (361

SE2d 860) (1987) (appellate court cannot consider facts which do not appear in the record sent from the trial court). See also *Colevins v. Federated Department Stores*, 213 Ga. App. 49, 51 (443 SE2d 871) (1994) (attaching documents to briefs cannot be used as a procedural device to add evidence to the record). Accordingly, we affirm the trial court's order denying filing of the petition contained in the appellate record. Appellant is not precluded from refiling his petition with the missing documentation.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 12, 1996 —
RECONSIDERATION DISMISSED MARCH 11, 1996.

Joe Graham, Jr., *pro se.*
*Michael J. Bowers, Attorney General,* for appellee.