A96A0052. GAMBLE v. DIAMOND "D" AUTO SALES.
A96A0053. GAMBLE v. STARSHIP RECORDS & TAPES.
A96A0054. GAMBLE v. SPRADLEY'S AUTO REPAIR.
(472 SE2d 446)

BIRDSONG, Presiding Judge.

Monica C. Gamble in Case Nos. A96A0052 and A96A0053, and George K. Gamble, Jr., in Case No. A96A0054, appeal the decision of the lower court under OCGA § 9-15-2 (d) to deny the filing of their complaints. Although these appeals are factually unrelated, we have consolidated them for appellate consideration because of the relationship of the parties and because the same legal principles generally govern their disposition. *Held*:

1. Under OCGA § 9-15-2 (d), when parties, who are not represented by counsel and are unable to pay costs, attempt to file their complaints under affidavits of indigence, the lower court is obligated to review the complaints and determine whether the complaints show on their face that justiciable issues of law or fact exist. If the court determines that the pleadings show such a complete absence of a justiciable issue of law or fact that it cannot be reasonably believed any relief could be granted against any party named in the pleadings, the court must enter an order denying the filing of the complaint. OCGA § 9-15-2 (d); *Hawkins v. Rice*, 203 Ga. App. 537 (417 SE2d 174). " ' "When examining a complaint, courts are compelled to determine whether the facts alleged state a claim for relief under which the plaintiff may recover." ' " Id. The complaint need not be perfect in form or set out all of the issues in detail; it is sufficient if it places the defendant on notice of the claim against him. *Evans v. City of Atlanta*, 189 Ga. App. 566 (377 SE2d 31). Only if the pleading is completely devoid of any justiciable issue of law or fact may the court deny filing. See *Yizar v. Ault*, 265 Ga. 708 (462 SE2d 141).

On appeal, we must construe the pleadings in the light most favorable to the losing party (*Grant v. Byrd*, 265 Ga. 684, 685 (461 SE2d 871)) and pro se complaints are not held to the stringent standards of formal pleadings. *Battle v. Seago*, 208 Ga. App. 516, 517 (431 SE2d 148).

2. Appellants' motion for a declaratory judgment by default is denied. Because the lower court did not permit the filing of these complaints, the defendants are not in default. Moreover, this Court does not have the power to grant the relief requested.

*Case No. A96A0052*

3. Although the principles discussed in Division 1 would apply, this appeal must be dismissed because Monica C. Gamble, the plaintiff below, did not sign the notice of appeal. Only George K. Gamble, her husband, signed the notice of appeal and, because he is not admitted to the State Bar of Georgia, he is not authorized to represent her. OCGA § 15-19-51 (a) (1); *Pfeiffer v. State*, 173 Ga. App. 374 (326 SE2d 562). Although Monica C. Gamble could have represented herself (Ga. Const. 1983, Art. I, Sec. I, Par. XII), she did not do so. Therefore, as the notice of appeal filed by George K. Gamble was ineffectual (see *U. S. Fire Ins. Co. v. Farris*, 146 Ga. App. 177, 178 (245 SE2d 868); *Eubank v. Barber-Colman Co.*, 115 Ga. App. 217 (154 SE2d 638)), this appeal must be dismissed.

*Case No. A96A0053*

4. In this appeal, Monica Gamble contends that Starship Records & Tapes filed a complaint against her in magistrate court because one of her checks was not honored. The complaint alleges that she was arrested and held for bond. Although she was convicted, apparently the conviction was set aside when Monica Gamble produced evidence she redeemed the dishonored check from Starship Records & Tapes with a money order prior to the date that the complaint was filed against her. The complaint alleges that the check was issued on February 9, 1995, was paid off on March 13, 1995, but that Starship Records & Tapes filed a complaint in magistrate court on May 15, 1995, and proceeded with the prosecution until Monica Gamble proved that Starship Records & Tapes had cashed the money order. The complaint further alleges that Monica Gamble was arrested and held for bond because of these charges.

We find that Monica Gamble's complaint in this case was sufficient to allege a claim under OCGA § 9-11-8 because the allegations were sufficient to put Starship Records & Tapes on notice that Monica Gamble was asserting a claim of malicious prosecution under OCGA § 51-7-40. See *Wal-Mart Stores v. Blackford*, 264 Ga. 612 (449 SE2d 293) (elements of malicious prosecution). Although immunity might be granted to Starship Records & Tapes by OCGA § 16-9-20 (h) under appropriate circumstances, Monica Gamble could present a claim if the evidence establishes that she redeemed the check within the time allotted after statutory notice of dishonor but Starship Records & Tapes nevertheless swore out a warrant against her. See *Williams v. Taylor*, 202 Ga. App. 720, 722 (415 SE2d 498). Therefore, "[a]s the pleading is not completely devoid of any justiciable issue of law or fact, it was error to deny its filing." *Yizar v. Ault*, supra at 709.

Accordingly, the order of the lower court denying the filing of the complaint in this case must be reversed.

### Case No. A96A0054

5. In this appeal, George K. Gamble, Jr., contends that on August 17, 1994, he took his wife's car to Spradley's Auto Repair to have a used transmission installed, and paid $254.84 in advance so that the work would be done. When the transmission was not replaced by September 15, 1994, he visited Spradley's Auto Repair and was informed that he would have to pay the entire balance in advance before the transmission would be installed. After George Gamble demanded the immediate return of the car, Spradley's Auto Repair issued a check for the amount previously paid minus $100. As George Gamble contends that Spradley's Auto Repair's actions were motivated solely by racism, he seeks the return of the $100 and $1,000 in additional damages. Pretermitting whether George Gamble has stated a cause of action for racial discrimination in Spradley's Auto Repair's contract policies, he has alleged a claim for money had and received in that he paid Spradley's Auto Repair a deposit so that Spradley's Auto Repair would perform certain work, but Spradley's Auto Repair refused to perform the work and also refused to refund the full deposit. See *Reid v. Hemphill*, 82 Ga. App. 391, 396 (61 SE2d 201). Therefore, this complaint is also not completely devoid of any justiciable issue of law or fact, and it was error to deny its filing. *Yizar v. Ault*, supra. Accordingly, the order of the lower court denying the filing of the complaint in this case also must be reversed.

*Appeal dismissed in Case No. A96A0052. Judgments reversed in Case Nos. A96A0053 and A96A0054. Beasley, C. J., and Blackburn, J., concur.*

DECIDED MAY 22, 1996 —
RECONSIDERATION DISMISSED JUNE 13, 1996 — ▮▮▮▮▮▮

Monica C. Gamble, *pro se.*
George K. Gamble, Jr., *pro se.*
Diamond "D" Auto Sales, *pro se.*
Starship Records & Tapes, *pro se.*
Spradley's Auto Repair, *pro se.*