## A00A1716. CHERRY v. HUGHES SUPPLY COMPANY.
### (539 SE2d 536)

JOHNSON, Chief Judge.

Larry Cherry is a plumber who used to do business as A & A Mechanical. In 1990, A & A applied for and received credit from Hughes Supply Company. The credit application identified Cherry as the owner of the business.

In 1992, General Plumbing Company applied for and received credit from Hughes Supply, indicating on the application that it had previously done business as A & A Mechanical, but had changed its name. General Plumbing's application listed the same mailing address as well as three of the same trade references that A & A had listed on its credit application. And Cherry was one of the two plumbers who provided the business' plumbing services. But instead of identifying Cherry as the owner of General Plumbing, the application named his wife, Patsy Cherry, who is not a plumber, as the business owner.

Near the beginning of 1995, General Plumbing failed to pay its

(1994); *Johnson v. State*, supra, 210 Ga. App. at 100.

credit account balance. Hughes Supply unsuccessfully demanded payment, and then sued Patsy Cherry to recover the debt. Hughes Supply eventually obtained a consent judgment against her in the amount of $3,475. Thereafter, Patsy Cherry filed for bankruptcy and secured a discharge of, among other things, the Hughes Supply debt.

In 1997, Larry Cherry was doing business as Lakeside Plumbing Company. Lakeside applied for and received credit from Hughes Supply. The credit application, which named Larry Cherry as the business owner, gave the same business mailing address that both A & A Mechanical and General Plumbing had used. The application also listed two of the same trade references that A & A and General Plumbing had listed on their applications.

In August 1997, Lakeside failed to pay the balance of its credit account, so Hughes Supply closed the account. In September of that year, Cherry paid the Lakeside account balance and also paid the 1995 debt of General Plumbing. Hughes Supply then reopened Lakeside's credit account. Thereafter, Lakeside again defaulted on its account.

Hughes Supply eventually sued Larry Cherry to recover the principal amount of $23,283 owed on the Lakeside account. Cherry answered the complaint and counterclaimed that Hughes Supply had violated the federal Equal Credit Opportunity Act by discriminating against him based on his marital status. Cherry claimed that Hughes Supply had improperly required him to pay his wife's General Plumbing debt as a condition of reopening his Lakeside account. Hughes Supply moved for summary judgment. The trial court granted summary judgment to Hughes Supply on both its claim and on Cherry's counterclaim.

Cherry appeals from the summary judgment order. He does not challenge the grant of summary judgment to Hughes Supply on its claim for the unpaid Lakeside debt, but challenges only the grant of summary judgment to Hughes Supply on his Equal Credit Opportunity Act counterclaim. He argues that there are genuine issues of material fact as to whether Hughes Supply violated the Act by requiring him to pay his wife's General Plumbing debt, by closing his Lakeside account, and by requiring his wife to personally guarantee the Lakeside account as a condition of reopening it. The arguments are without merit, and we therefore affirm the judgment of the trial court.

1. The Equal Credit Opportunity Act makes it unlawful for a creditor to discriminate against a credit applicant on the basis of, among other things, marital status.[1] A burden-shifting process

---

[1] 15 USC § 1691 (a) (1).

applies to actions brought pursuant to this Act.[2] First, the plaintiff must prove by a preponderance of the evidence a prima facie case of discrimination.[3] Second, if the plaintiff proves a prima facie case, the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for its credit decision.[4] Third, if the defendant meets its burden, the plaintiff must then prove by a preponderance of the evidence that the reason articulated by the defendant is not its true reason, but is a pretext for discrimination.[5]

In the instant case, we assume for the sake of argument that Cherry has made a prima facie showing of discrimination based on his claims that he had no ownership interest in General Plumbing, that his wife owned that business, that Hughes Supply closed his Lakeside account because of the unpaid General Plumbing debt, and that Hughes Supply required him to pay that debt before it would reopen his Lakeside credit account.[6]

In response to Cherry's prima facie case, Hughes Supply has offered legitimate and nondiscriminatory reasons for closing the Lakeside account and for requiring Cherry to pay the General Plumbing debt. Hughes Supply closed the Lakeside account because it was past due, and Hughes Supply further believed that Cherry was liable for the General Plumbing debt because he was in fact an owner of that business. Based on the facts that Cherry was initially in business as A & A Mechanical, that A & A then changed its name to General Plumbing, that Cherry was the plumber for both A & A and General Plumbing, that Cherry subsequently did business as Lakeside, and that all three businesses have the same mailing address and have used the same trade references, we conclude that Hughes Supply justifiably believed that Cherry was in business with his wife as General Plumbing. Whether under the name of A & A, Lakeside, or General Plumbing, Cherry sought, obtained, benefitted from, and defaulted on credit from Hughes Supply.

Cherry has come forward with no evidence that Hughes Supply's rationale is a pretext for marital status discrimination. On the contrary, it is clear that Hughes Supply did not close the Lakeside account and require Cherry to pay the General Plumbing debt based on his marital status. The fact that Cherry is married to the person whose name is on the General Plumbing credit application is incidental. Under the same circumstances, if the name on the application

---

[2] *Mercado-Garcia v. Ponce Fed. Bank*, 779 FSupp. 620, 628 (III) (D. P.R. 1991), aff'd, 979 F2d 890 (1st Cir. 1992).

[3] Id.

[4] Id.

[5] Id.

[6] Hughes Supply's credit manager contradicted Cherry's claim, testifying that Cherry offered to pay General Plumbing's debt.

had been Cherry's brother rather than his wife, Hughes Supply still would have required him to pay the debt because it would have justifiably believed that he was responsible for it. Instead of Cherry's marital status, the controlling considerations behind Hughes Supply's actions were its beliefs that Cherry had not paid the Lakeside account and was also obligated to pay the General Plumbing debt as an owner of that business.[7]

Summary judgment is appropriate when there are no genuine issues of material fact.[8] In this case, there are no genuine issues of material fact. Cherry has failed to present any evidence that Hughes Supply intentionally discriminated against him based on his marital status by closing his Lakeside account and by requiring him to pay the General Plumbing debt. The trial court therefore did not err in granting summary judgment to Hughes Supply on Cherry's Equal Credit Opportunity Act counterclaim.[9]

2. Cherry also claims that Hughes Supply discriminated against him under the Equal Credit Opportunity Act by requiring his wife to personally guarantee the Lakeside account as a condition of reopening it. But Cherry did not assert this claim in his two-count counterclaim, which alleged violations of the Act based only on (1) Hughes Supply's failure to provide a proper statement of its reason for threatening to discontinue the Lakeside account, and (2) Hughes Supply's requirement that he pay the General Plumbing debt. Because the present argument was not a ground asserted in the counterclaim, it provides no basis for reversing the trial court's judgment.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 15, 2000.

*James D. Rogers, Kris K. Skaar*, for appellant.
*Pursley, Howell, Lowery & Meeks, Roy H. Meeks, Jr.*, for appellee.

---

[7] See *Haynsworth v. South Carolina Elec. &c. Co.*, 488 FSupp. 565, 567-570 (D. S.C. 1979) (no violation of Equal Credit Opportunity Act where utility refused to put residential account in plaintiff's name because it held her liable for an outstanding debt in her husband's name, even though he no longer lived in the residence). See also *Haynes v. Bank of Wedowee*, 634 F2d 266 (5th Cir. 1981) (no discrimination under Equal Credit Opportunity Act where bank considered bankruptcy of plaintiff's husband in deciding to accelerate plaintiff's loan).

[8] OCGA § 9-11-56 (c).

[9] See *Mercado-Garcia*, 979 F2d at 893.