A02A0001. SHAW-BAKER v. GEICO AUTO INSURANCE et al.
(565 SE2d 598)

POPE, Presiding Judge.

Stacey Shaw-Baker presented a complaint to the Ware County Superior Court for filing. The superior court judge reviewed the pleading and dismissed it under OCGA § 9-15-2 (b), concluding that the pleading showed a complete absence of justiciable law or fact. Here, proceeding pro se, Shaw-Baker appeals, and for the following reasons, we reverse.

Shaw-Baker's pro se complaint, which listed herself and her daughter, Chenique Shaw, as plaintiffs, alleged that Aleta Larger, presumably while driving, hit Chenique, who was riding her bicycle. Shaw-Baker alleged that the accident occurred at the intersection of Albany Avenue and McDonald Street and that Larger had insurance

with GEICO. The complaint listed the addresses of Larger and GEICO. Then Shaw-Baker claimed that her daughter and her entire family had suffered damages and property loss because of the accident. The complaint further alleged that "but for" Larger's violation of traffic laws and negligence, the accident would not have happened. Shaw-Baker then outlined the specific damages she claimed they had incurred from the incident and prayed for specific relief. She also demanded a jury trial, and she and Chenique signed the complaint. She also filed a pauper's affidavit and attached to the complaint a page of the accident report and a page of a medical report.

The trial court dismissed the action, and Shaw-Baker filed this appeal, claiming that in three different manners, this decision was erroneous.

OCGA § 9-15-2 (d), which pertains to pro se plaintiffs, provides:

[w]hen a civil action is presented for filing under this Code section by a party who is not represented by an attorney, the clerk of court shall not file the matter but shall present the complaint or other initial pleading to a judge of the court. The judge shall review the pleading and, if the judge determines that the pleading shows on its face such a complete absence of any justiciable issue of law or fact that it cannot be reasonably believed that the court could grant any relief against any party named in the pleading, then the judge shall enter an order denying filing of the pleading. If the judge does not so find, then the judge shall enter an order allowing filing and shall return the pleading to the clerk for filing as in other cases. An order denying filing shall be appealable in the same manner as an order dismissing an action.

In interpreting this statute, this court has concluded that:

[w]hen examining a complaint, courts are compelled to determine whether the facts alleged state a claim for relief under which the plaintiff may recover. It is not necessary that the complaint be perfect in form or set out all of the issues with particularity[;] it is necessary only to place the defendant on notice of the claim against him.

(Citations and punctuation omitted.) *Hawkins v. Rice*, 203 Ga. App. 537 (417 SE2d 174) (1992). "Only if the pleading is completely devoid of any justiciable issue of law or fact may the court deny filing. See *Yizar v. Ault*, 265 Ga. 708 [(1)] (462 SE2d 141) [(1995)]." *Gamble v. Diamond "D" Auto Sales*, 221 Ga. App. 688 (1) (472 SE2d 446) (1996). See also *Gamble v. Ware County Bd. of Ed.*, 253 Ga. App. 819 (561 SE2d 837) (2002).

In her complaint, Shaw-Baker alleges that she and her daughter were injured by the negligence of Larger and Larger's insurer, GEICO. Construed favorably to Shaw-Baker, we cannot conclude that this complaint should be barred. Although we express no view as to the merits of Shaw-Baker's complaint, we find that the action presented a justiciable issue of law or fact and the trial court erred in prohibiting her from filing it.

*Judgment reversed. Barnes and Phipps, JJ., concur.*

DECIDED MAY 17, 2002.

Judge Houston, pro hac vice.
Stacey Shaw-Baker, *pro se.*