## A06A1769. JAHENI v. THE STATE.
### (635 SE2d 821)

PHIPPS, Judge.

Following protracted post-trial proceedings, Sophonias Othello Jaheni seeks to appeal his 1998 convictions of various crimes. Unfortunately, the appeal must be dismissed because the notice of appeal was not filed by Jaheni's appointed attorney.

In 1998, Jaheni was convicted of armed robbery, kidnapping, and other offenses and given sentences of imprisonment totaling 20 years. His appointed trial attorney was replaced by another attorney who, in 1999, moved for a new trial based on ineffective assistance of trial counsel. His appeal of the order denying his motion for new trial was never decided, because in 2001 we granted his motion to remand the case to the trial court for a hearing on his claim of ineffective assistance of appellate counsel.

A subsequent appeal by Jaheni was dismissed in 2003 because of his attorney's failure to file an enumeration of errors and brief. In accordance with *Rowland v. State*,[1] we advised Jaheni in the dismissal order of his right to file a motion for an out-of-time appeal if he still wanted to appeal. Jaheni, in fact, filed a motion for out-of-time appeal which was granted in 2005. Another attorney appointed to represent Jaheni filed an amended motion for new trial. Following the denial of that motion, the present notice of appeal was filed. The notice of appeal was not, however, filed by Jaheni's appointed attorney. Instead, it was filed by a named individual "with express permission" of counsel. Because the individual who filed the notice of appeal is not a licensed attorney, the appeal must be dismissed.

Although a person has a state constitutional right to legal self-representation, counsel for a represented litigant generally must be a licensed attorney.[2] Accordingly, Georgia Court of Appeals Rule 1 (a) provides that

---

[1] 264 Ga. 872, 875-876 (2) (452 SE2d 756) (1995).

[2] See *Eckles v. Atlanta Technology Group*, 267 Ga. 801, 803 (2) (485 SE2d 22) (1997).

> [a]ll filings, documents, motions, briefs, requests and communications relating to appeals shall be in writing, shall be filed with the Clerk's office [and] *shall be signed by an attorney of record. . . . Documents with conformed signatures by law firm staff or an attorney's employee will not be accepted.*[3]

Therefore, only a duly licensed attorney may file a notice of appeal to this court on behalf of an individual who does not appear pro se.[4] Because Jaheni's notice of appeal was filed by a person not authorized to practice law in this state, the notice of appeal is ineffectual.[5] "The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court."[6] Because of the absence of a proper notice of appeal, this court is without jurisdiction to consider this appeal and it must be dismissed.

Because Jaheni is represented by counsel, he is again informed of the following in accordance with *Rowland v. State*:[7] This appeal has been dismissed because of your counsel's failure to file a proper notice of appeal. If you still wish to appeal, you may petition the trial court for leave to file an out-of-time appeal. If the trial court enters an order granting your request, you will have 30 days from the filing date of that order to file a notice of appeal referencing your conviction. If the trial court enters an order denying your request, you will have 30 days from the filing date of that order to file a notice of appeal referencing the denial of your request for an out-of-time appeal. In accordance with *Bodiford v. State*,[8] the Clerk of the Court of Appeals of Georgia is directed to send a copy of this opinion to Jaheni and a copy to Jaheni's current attorney, who is also ordered to send a copy to Jaheni.

*Appeal dismissed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED AUGUST 18, 2006.

*Barbara B. Claridge*, for appellant.

---

[3] (Emphasis supplied.)

[4] See *Congress Re-Insurance Corp. v. Archer-Western Contractors*, 226 Ga. App. 829, 831 (1) (487 SE2d 679) (1997).

[5] *Gamble v. Diamond "D" Auto Sales*, 221 Ga. App. 688, 689 (3) (472 SE2d 446) (1996).

[6] *Lewis v. Countrywide Funding Corp.*, 225 Ga. App. 440 (484 SE2d 66) (1997) (citation and punctuation omitted).

[7] Supra.

[8] 238 Ga. App. 531, 532-533 (517 SE2d 356) (1999).

*Daniel J. Craig, District Attorney, Madonna M. Little, Assistant District Attorney*, for appellee.