**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

June 27, 2012

# In the Court of Appeals of Georgia

A12A0179. MORGAN v. AARON RENTALS.

BARNES, Presiding Judge.

Acting pro se and asserting his status as a pauper, seeking thereby to avoid the payment of costs, Michael R. Morgan sought to file a complaint in the Superior Court of Dooly County. The trial court found that the pleading showed on its face no justiciable issue of law or fact and directed the clerk of court not to file it. Morgan appeals, and for the reasons that follow, we reverse and remand this case with direction to the superior court clerk to file the complaint.

1. OCGA § 9-15-2 addresses the filing of a pauper's affidavit by a party unable to pay the costs required in the court. OCGA § 9-15-2 (d) provides:

When a civil action is presented for filing under this Code section by a party who is not represented by an attorney, the clerk of court shall not file the matter but shall present the complaint or other initial pleading to

a judge of the court. The judge shall review the pleading and, if the judge determines that the pleading shows on its face such a complete absence of any justiciable issue of law or fact that it cannot be reasonably believed that the court could grant any relief against any party named in the pleading, then the judge shall enter an order denying filing of the pleading.

We construe a pleading that was not filed pursuant to subsection (d) of OCGA § 9-15-2 in the light most favorable to the losing party, as we would if the action were dismissed under OCGA § 9-11-12 (b) (6) for failure to state a claim upon which relief may be granted. *Grant v. Byrd*, 265 Ga. 684, 684-685 (1) (461 SE2d 871) (1995). The complaint need not be perfect in form or set out all of the issues with particularity, only place the defendant on notice of the claim against him. *Evans v. City of Atlanta*, 189 Ga. App. 566 (377 SE2d 31) (1988).

Here, while the plaintiff's statement of facts is convoluted and somewhat difficult to follow, he basically contends that Aaron Rents denied him credit based on racial discrimination and that the company falsely advertised its credit policies. The Equal Credit Opportunity Act makes it unlawful for a creditor to discriminate against a credit applicant on the basis of, among other things, "race, color, religion, national origin, sex or marital status, or age." 15 USCS § 1691 (1) (1). See *Cherry v.*

*Hughes Supply Co.*, 246 Ga. App. 26, 27 (1) (539 SE2d 536) (2000) (addressing burden of proof in case alleging credit discrimination based on marital status in violation of Act). Additionally, OCGA § 10-1-420 (a) prohibits companies for offering goods or services "with intent, design, or purpose not to sell the merchandise, commodities, or services so advertised or offered for sale at the price or upon the terms stated therein or otherwise communicated, or with intent not to sell the merchandise, commodities, or services so advertised."

"We cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears beyond doubt that the appellant can prove no set of facts in support of his [claim]." (Citation and punctuation omitted.) *Evans*, 189 Ga. App. at 567 (liberal reading of complaint reveals potential civil rights action under 42 USCA § 1983); *Acker v. Veal*, 183 Ga. App. 297 (359 SE2d 7) (1987) (reversing superior court's order directing clerk not to file complaint sufficient under OCGA § 9-11-8 to place defendants on notice of tort claims against them); *Battle v. Seago*, 208 Ga. App. 516, 517 (431 SE2d 148) (1993) ("While plaintiff's allegations are somewhat bizarre, we cannot assume that they did not occur.") Accordingly, the order of the trial court

directing the clerk of the superior court not to file this civil action is reversed, and the case is remanded with direction to the superior court clerk to file the complaint..

2. Morgan has filed a motion for contempt against the appellee for failing to file an appellate brief within 40 days of docketing or 20 days after the filing of the appellant's brief, as required by Court of Appeals Rule 23 (b). We note that this civil action has not been filed in the trial court, that the appellee has never been served with process, and that no attorney of record appears on this court's docket for the appellee. The motion is denied.

*Judgment reversed and remanded with direction. Adams and McFadden, JJ., concur.*