# Court of Appeals
# of the State of Georgia

ATLANTA, February 27, 2014

*The Court of Appeals hereby passes the following order:*

**A14A0199.  SANDERS v. THE STATE.**

Randall Charles Sanders a/k/a Michael Coffey pled guilty to rape, aggravated assault, and false imprisonment. Several years later, Sanders moved for an out-of-time appeal. The trial court denied the motion, and this appeal followed. For the following reasons, Sanders' appeal is untimely and must be DISMISSED.

The record shows that the trial court denied Sanders' motion for an out-of-time appeal on December 12, 2012. Pending before the trial court at that time was a motion filed by Sanders' appointed counsel to withdraw as his attorney. Subsequently, on December 17, 2012, the trial court appointed new counsel to represent Sanders. However, on December 20, 2012, Sanders filed a pro se notice of appeal from the trial court's order denying his motion for an out-of-time appeal. Thereafter, on September 10, 2013, Sanders' new counsel filed an "amended notice of appeal" on his behalf.

Because Sanders is currently represented by counsel before this court and was represented by counsel when he filed his pro se notice of appeal on December 17, 2012, his notice of appeal was a mere nullity.[1] "In Georgia, a criminal defendant no longer has the right to represent himself and also be represented by an attorney. As [Sanders] was represented by counsel when he filed the pro se [notice of appeal, the

---

[1] Previously, Sanders filed pro se notices of appeal on October 19, 2012 and November 8, 2012 from other rulings by the trial court. Both of these pro se notices of appeal likewise were nullities because Sanders was represented by counsel at the time they were filed.

notice was] of no legal effect whatsoever." (Punctuation and footnote omitted.) *Pless v. State*, 255 Ga. App. 95, 96 (564 SE2d 508) (2002).  And because Sanders' counsel filed the "amended notice of appeal" after the 30-day time limit for filing a notice of appeal had passed, see OCGA § 5-6-38 (a), we cannot construe the amended notice as a timely filed notice of appeal.

"It is the duty of this court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction."  (Citation and punctuation omitted.)  *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995).  "The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court.  Because of the absence of a proper notice of appeal, this court is without jurisdiction to consider this appeal and it must be dismissed."  (Punctuation and footnote omitted.)  *Jaheni v. State*, 281 Ga. App. 213, 214 (635 SE2d 821) (2006).

Because Sanders is represented by counsel, he is informed of the following: This appeal has been dismissed because of your current counsel's failure to file a timely notice of appeal on your behalf. If you still wish to appeal, you may petition the trial court for leave to file an out-of-time appeal from the trial court's December 12, 2012 order.  If the trial court enters an order granting your request, you will have 30 days from the filing date of that order to file a notice of appeal challenging the trial court's December 12, 2012 order.  If the trial court enters an order denying your request, you will have 30 days from the filing date of that order to file a notice of appeal referencing the denial of your request for an out-of-time appeal. The Clerk of the Court of Appeals of Georgia is directed to send a copy of this order to Sanders and a copy to Sander's current counsel, who is also ordered to send a copy to Sanders.



*Court of Appeals of the State of Georgia*
       *Clerk's Office, Atlanta,* 02/27/2014
       *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
       *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *Stephen E. Castlen* _____ *, Clerk.*