# Court of Appeals
# of the State of Georgia

ATLANTA,    April 04, 2014

*The Court of Appeals hereby passes the following order:*

## A14A0319.  WADLEY v. THE STATE.

A jury convicted Vincent Irvin Wadley of child molestation. The trial court denied his motion for new trial, and this appeal followed. For the reasons discussed below, Wadley's appeal is untimely and must be DISMISSED for lack of jurisdiction.

The record shows that the trial court entered final judgment on Wadley's conviction for child molestation on July 2, 2009. Following his conviction, Wadley retained new private counsel, who filed a motion for new trial on his behalf on July 17, 2009. A hearing on the motion for new trial then was conducted on December 10, 2010, and again on March 3, 2011. Retained counsel represented Wadley at both hearings, but was allowed to withdraw from the case on November 20, 2012. Subsequently, at the direction of the trial court, the Public Defender Standards Council appointed new counsel to represent Wadley, and new counsel entered an appearance on June 11, 2013. On June 14, 2013, the trial court entered its order denying Wadley's motion for a new trial. On July 8, 2013, Wadley filed a pro se notice of appeal from the trial court's order denying his motion for new trial. Thereafter, on July 18, 2013, Wadley' counsel filed an "amended notice of appeal" on his behalf.

Because Wadley is currently represented by counsel before this court and was represented by counsel when he filed his pro se notice of appeal on July 8, 2013, his notice of appeal was a mere nullity.  "In Georgia, a criminal defendant no longer has the right to represent himself and also be represented by an attorney.  As [Wadley] was represented by counsel when he filed the pro se [notice of appeal, the notice was] of no legal effect whatsoever." (Punctuation and footnote omitted.)  *Pless v. State,*

255 Ga. App. 95, 96 (564 SE2d 508) (2002). And because Wadley's counsel filed the "amended notice of appeal" after the 30-day time limit for filing a notice of appeal had passed, see OCGA § 5-6-38 (a), we cannot construe the amended notice as a timely filed notice of appeal.

"It is the duty of this court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction." (Citation and punctuation omitted.) *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995). "The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court. Because of the absence of a proper notice of appeal, this court is without jurisdiction to consider this appeal and it must be dismissed." (Punctuation and footnote omitted.) *Jaheni v. State*, 281 Ga. App. 213, 214 (635 SE2d 821) (2006).

We note, however, that because Wadley was represented by counsel, he may be entitled to pursue an out-of-time appeal. He is therefore informed of the following in accordance with *Rowland*, 264 Ga. at 875 (2): This appeal has been dismissed because the notice of appeal was untimely. If you still wish to appeal, you may petition the trial court for leave to file an out-of-time appeal. If the trial court grants your request, you will have 30 days from the entry of that order to file a notice of appeal. If the trial court denies your request, you will have 30 days from the entry of that order to file a notice of appeal referencing the denial of your request for an out-of-time appeal.

The Clerk of Court is directed to send a copy of this order to Wadley and to Wadley's counsel, and the latter is also directed to send a copy to Wadley.



*Court of Appeals of the State of Georgia*
       *Clerk's Office, Atlanta,* 04/04/2014
       *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
       *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *Stephen E. Castlen* _____ *, Clerk.*