# Court of Appeals
# of the State of Georgia

ATLANTA,  May 10, 2017

*The Court of Appeals hereby passes the following order:*

**A17A1449.  NATHANIEL HARPER, JR. v. THE STATE.**

In 1989, Nathaniel Harper, Jr. was convicted of multiple felonies.  Thereafter, in January 2017, he filed a motion to set aside an allegedly void judgment of conviction, which motion the trial court denied by order entered on January 18, 2017. On February 21, 2017, Harper filed a notice of appeal giving rise to the instant direct appeal.  We lack jurisdiction for two reasons.

First, a petition or motion to vacate or modify a conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case. See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010); *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).  An appeal from an order denying or dismissing such a petition or motion must be dismissed.  See *Roberts*, supra; *Harper*, supra at 218 (2). A direct appeal may lie from an order denying or dismissing a motion to correct a void sentence, but only if the defendant has raised a colorable claim that the sentence is, in fact, void or illegal. See *Harper*, supra at 217 (1), n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Here, Harper did not contend that any sentence imposed upon him was outside of the applicable statutory range.  He argued that the underlying indictment was

insufficient; he also argued that because his judgment of conviction rested upon nolo contendre pleas, the judgment should not be used in any subsequent case for purposes of recidivist sentencing. These arguments raise no colorable void-sentence claim. See *Jones*, supra ("Assertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void."); *Jones v. State*, 290 Ga. App. 490, 494 (2) (659 SE2d 875) (2008) (challenge to validity of indictment is challenge to conviction, not to sentence). See also *James v. State*, 209 Ga. App. 389, 390 (2) (433 SE2d 700) (1993) (reiterating that convictions resulting from pleas of nolo contendre may be used for sentencing under recidivist statutes).

Second, this appeal is untimely. A notice of appeal must be filed within 30 days after entry of an appealable order. See OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Jaheni v. State*, 281 Ga. App. 213, 214 (635 SE2d 821) (2006). Harper's notice of appeal, filed 34 days after entry of the trial court's order, was untimely.

For the foregoing reasons, we lack jurisdiction of this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   05/10/2017*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


_____ , *Clerk.*