# Court of Appeals
# of the State of Georgia

ATLANTA,  October 05, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0274. JOSEPH DINGLER v. HEATHER MOORE.**

On June 22, 2017, the trial court entered an order dismissing Joseph Dingler's legitimation petition as premature. On July 5, 2017, Dingler filed a notice of appeal of the trial court's order on behalf of the party adverse to him, Heather Moore. Dingler filed a second notice of appeal, this time on his own behalf, on August 8, 2017. We, however, lack jurisdiction.

The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. See *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995). The first notice of appeal is a nullity because Dingler (who is not admitted to the State Bar of Georgia) cannot appeal the judgment on behalf of Moore, his adversary, who is represented by counsel. See *Jaheni v. State*, 281 Ga. App. 213, 214 (635 SE2d 821) (2006) ("only a duly licensed attorney may file a notice of appeal to this court on behalf of an individual who does not appear *pro se*"); *Gamble v. Diamond D Auto Sales*, 221 Ga. App. 688, 689 (3) (472 SE2d 446) (1996) (citing OCGA § 15-19-51 (a) (1) (notice of appeal filed by a non-attorney on behalf of a party is ineffectual)).

Dingler's second notice of appeal, filed 47 days after the entry of the trial court's order dismissing his legitimation petition, is untimely. See OCGA § 5-6-38 (a) (to be timely, a notice of appeal must be filed within 30 days after entry of the appealable order).[1]

---

[1] Even if we were to construe the second notice of appeal as a cross-appeal, we would still lack jurisdiction. First, this Court must have jurisdiction over a valid

For these reasons, the appeals are hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*   10/05/2017
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

appeal in order to have jurisdiction over a cross-appeal. *Jarrard v. Copeland*, 205 Ga. App. 20, 21 (421 SE2d 84) (1992) (dismissing cross-appeal for lack of jurisdiction where no timely notice of appeal was filed). Moreover, even construed as a cross-appeal, Dingler's second notice of appeal would be untimely because Dingler did not file it until 34 days after the service of the original notice of appeal. See OCGA § 5-6-38 (a) (a cross-appeal must be filed within 15 days after the service of a notice of appeal).