Calvin YOUNG, Plaintiff-Appellant,

v.

**Ralph GRAY, Individually and as Medical Director, Texas Department of Corrections, Defendant-Appellee.**

No. 77–1493

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 30, 1977.

Calvin Young, pro se.

John L. Hill, Atty. Gen., David M. Kendall, Ben M. Harrison, Joe B. Dibrell, Jr., Asst. Attys. Gen., Austin, Tex., Art Keinarth, Asst. Atty. Gen., Huntsville, Tex., for defendant-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

Appellant Calvin Young is a Texas prisoner. In his handwritten, pro se complaint he alleged that he fell from a trailer and injured his head. He acknowledged that the prison medical authorities provided treatment for the resulting headaches but denied that their treatment was adequate. He asserted that the improper treatment violated the eighth and fourteenth amendments and that 42 U.S.C. § 1983 provided him a remedy. The district court dismissed the complaint. We affirm.

A prisoner does not state an eighth amendment claim by alleging "an inadvertent failure to provide adequate medical care". *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). Rather, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* Appellant's allegations, less extensive than those found wanting in *Gamble*, fail to meet these standards. Here, as in *Gamble*, the bare allegation that the doctor should have undertaken additional diagnostic measures does not state an eighth amendment claim.

AFFIRMED.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.