71536, 71537. JOHNSON v. JONES et al. (two cases).
(343 SE2d 403)

McMURRAY, Presiding Judge.

Plaintiff Johnson was an inmate at Rivers Correctional Institution (Institution) in Hardwick, Georgia, when he filed this action pro se against four employees of the Institution alleging violations of his civil rights pursuant to 42 USC § 1983. In his complaint, the plaintiff alleged that the services (including medical services) and facilities provided at the Institution were so inadequate that it violated his Eighth Amendment rights under the United States Constitution. The plaintiff also alleged a violation of his Fourteenth Amendment rights under the United States Constitution because he was subjected to a deficient disciplinary proceeding at the Institution.

On January 25, 1985, defendant James E. Umberhandt, M.D., the medical director at the Institution, filed his answer denying all of the material allegations of the plaintiff's complaint. On January 31, 1985, defendants Thomas C. Jones, the warden at the Institution, Vendya Lewis, the deputy warden, and Hal Kent, the senior inmate counselor at the Institution, filed their joint answer, also denying all of the material allegations of the plaintiff's complaint.

On February 6, 1985, defendants Jones, Lewis and Kent filed a motion to dismiss the complaint, contending that it failed to state a claim upon which relief could be granted. This motion was heard on February 12, 1985, and, after reviewing the pleadings, the briefs and oral argument, the trial court entered an order holding that "none of these allegations [in the complaint] state a claim upon which relief may be granted." The trial court dismissed the complaint as to defendants Jones, Lewis and Kent based on OCGA § 9-11-12 (b) (6). From this order the plaintiff appeals in Case Number 71536.

On February 25, 1985, defendant Umberhandt filed a motion for

summary judgment. This motion was heard on April 23, 1985; and, after considering all matters of record, the trial court entered, in pertinent part, the following order: *"FINDINGS OF FACT.* At all times material to the allegations contained in plaintiff's complaint, plaintiff was incarcerated as an inmate at Middle Georgia Correctional Complex in Hardwick, Georgia where defendant James E. Umberhandt, M.D. is employed as Medical Director. . . . Liberally construing the allegations contained in plaintiff's complaint, he has asserted two theories of recovery against defendant Umberhandt; one is brought under Georgia law for alleged medical malpractice, or a medical negligence, and the other is brought pursuant to 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the Constitution of the United States for alleged civil rights violations by way of medical care of a constitutionally impermissible quality. . . . Dr. Umberhandt has submitted an affidavit showing that he is a duly licensed medical doctor authorized to practice medicine in the State of Georgia and that he has personal knowledge of the plaintiff's treatment and of the plaintiff's medical records. The plaintiff has submitted no expert testimony in rebuttal to Dr. Umberhandt's affidavit. . . . The plaintiff complains that he has received inadequate treatment for psychiatric problems, insect bites, ear problems and a cold. . . . Dr. Umberhandt's affidavit reflects that the plaintiff received medical examinations, diagnosis and treatment for each of the problems with which he presented at the Medical Department of Middle Georgia Correctional Complex in Hardwick, Georgia. . . . On August 17, 1984, Mr. Johnson was seen in the Medical Department complaining of insect bites and was prescribed medication. On October 20, 1984, Mr. Johnson was prescribed medication for swelling of his right middle finger and a rash on his right arm. On August 23, 1984, Mr. Johnson was referred to the Mental Health and Mental Retardation Director at Middle Georgia Correctional Complex from the Medical Department for his complaints of anxiety and insomnia. On August 28, 1984, Mr. Johnson was referred to a consulting psychiatrist to determine whether any medications were needed for mental disorders. On September 6, 1984, the psychiatrist diagnosed general anxiety disorder and prescribed medication. . . . On several occasions, including September 10, October 14 and October 15, 1984, Mr. Johnson failed to appear at a scheduled sick call. . . . On several other occasions, Mr. Johnson was seen for a variety of minor complaints. . . . The medical conditions referred to in plaintiff's complaint were non-serious, non-emergency and non-life-threatening medical needs. *CONCLUSIONS OF LAW* . . . The Court concludes as a matter of law that plaintiff has failed to sustain his burden on summary judgment as to his complaint read as a medical malpractice action. The Court further concludes as a matter of law that Dr. Umberhandt has sustained his bur-

den in establishing that there exists no genuine issue of material fact and that he is entitled to a judgment in his favor as a matter of law on the allegations of plaintiff's complaint read as asserting medical malpractice under Georgia law. . . . A plaintiff in a medical malpractice action has the initial burden of proof. *Shea v. Phillips*, 213 Ga. 269 (1957). This burden can be met only by the introduction of expert testimony on the issue of whether the defendant's conduct constituted a breach of the applicable standard of care. Further, an affidavit of the defendant showing that, in his opinion, his actions were in accordance with the applicable standard of care, provides a sufficient basis upon which the Court may grant summary judgment in favor of the physician/defendant. *Payne v. Golden*, 245 Ga. 784 (1980); *Parker v. Knight*, 245 Ga. 782 (1980). . . . Dr. Umberhandt's affidavit clearly states his opinion that in his care and treatment of the plaintiff, his actions were in accordance with the applicable standard of care for medical practitioners. That opinion not having been rebutted by expert testimony submitted on behalf of the plaintiff, Dr. Umberhandt is entitled to a judgment in his favor on the complaint read as a medical malpractice action. . . . The affidavit of Dr. Umberhandt also establishes that at no time was he, or any other member of the Medical Department who may have been under his direct control and supervision, deliberately indifferent to any serious medical need of the plaintiff. In an action brought pursuant to 42 U.S.C. § 1983 against a state prison medical doctor alleging that medical treatment provided constitutes a civil rights violation, it must appear that the medical treatment rendered the inmate constitutes such cruel or unusual conduct as to implicate the protections of the Eighth Amendment to the Constitution of the United States. *Daniels v. Gilbreath*, [668] F.2d 477 (10th Cir. 1982). The Civil Rights Act was never designed or intended to be a vehicle for maintaining a tort action. *Parratt v. Taylor*, 451 U. S. 527 (1981); *Paul v. Davis*, 424 U. S. 693 (1976). . . . At best, plaintiff has shown that he has a difference of opinion with the defendant concerning the propriety of medical treatment which has been rendered him or what is medically necessary for his treatment. This does not provide a basis for recovery pursuant to 42 U.S.C. § 1983. *Ferranti v. Moran*, 618 F.2d 888 (1st Cir. 1980); *Cotton v. Hutto*, 540 F.2d 412 (9th Cir. 1976). . . . Medical personnel employed in state prisons can be liable under 42 U.S.C. § 1983 only when their actions may be characterized as deliberate indifference to the inmate's serious medical needs. *Estelle v. Gamble*, 429 U. S. 97 (1976). The medical records to which Dr. Umberhandt testifies, as well as his own affidavit clearly based upon personal knowledge of the plaintiff's course of treatment at Middle Georgia Correctional Complex, establish that there has been no deliberate indifference to the plaintiff's medical needs. Furthermore, the affidavit establishes that the plain-

tiff's medical needs are not so serious as to invoke the protections of the Eighth Amendment to the Constitution of the United States. *Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981); *Young v. Gary*, 560 F.2d 201 (5th Cir. 1977). . . . Since the defendant has sustained his burden on summary judgment in showing that neither he nor any other member of the Medical Department of Middle Georgia Correctional Complex who may have been under his direct supervision and control was deliberately indifferent to any medical need to the plaintiff, serious or non-serious, he is entitled to a judgment in his favor on the allegations of plaintiff's complaint read as asserting an action pursuant to 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the Constitution of the United States."

The trial court granted defendant Umberhandt's motion for summary judgment and plaintiff appeals from this order in Case Number 71537.

We now consider both Case Numbers 71536 and 71537 in this opinion. *Held*:

## Case Number 71536

Motion to dismiss. " '(A) motion to dismiss a complaint, including . . . a civil rights complaint, for failure to state a claim upon which relief can be granted is subject to a very strict standard.' *Gray v. Creamer*, 465 F.2d 179, 181 (3d Cir. 1972). [*Storm Systems, Inc. v. Kidd*, 157 Ga. App. 527, 528 (3) (278 SE2d 109); Wright & Miller, Fed. Practice & Procedure: Civil § 1357.] A *pro se* complaint is not held to stringent standards of formal pleadings, *Haines v. Kerner*, 404 U. S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) [*Vinnedge v. Gibbs*, 550 F.2d 926 (1) (4th Cir. 1977)], and the 'complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *Conley v. Gibson*, 335 U. S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed2d 80 (1957). See also J. Moore, 2A Moore's Federal Practice, ¶ 12.08 at 2265-86 (1972)." *Hughes v. Roth*, 371 FSupp. 740, 741 (D.C. Pa. 1974). In the case sub judice, we find plaintiff's allegations are sufficiently specific to withstand a motion to dismiss. See Wright & Miller, Fed. Practice & Procedure: Civil § 1358, fn. 33 & 35. "[W]e cannot say as a matter of law at this juncture that plaintiff cannot possibly adduce any facts which would create a valid cause of action under 42 U.S.C. § 1983. [Cits.]" *Hughes v. Roth*, supra, at 741. However, "[i]f, at a later stage in the proceedings, after . . . the parties have availed themselves of the discovery machinery afforded them under [Georgia's Civil Practice Act], it appears that there is no genuine issue as to any material fact, [defendants Jones, Lewis and Kent] may move for summary judgment under [OCGA § 9-

11-56]." *Hughes v. Roth*, supra at 741. Although certain allegations in the plaintiff's complaint do not state a claim upon which relief may be granted under any set of circumstances, other allegations do. Consequently, the trial court erred in granting defendants Jones, Lewis and Kent's motion to dismiss for failure to state a claim.

## Case Number 71537

Motion for summary judgment.

(a) Medical malpractice. We agree with the trial court's conclusions concerning the plaintiff's cause of action for medical malpractice. However, we take the trial court's analysis a step further recognizing that "[t]here is an exception to the general rule that expert testimony is usually required for a plaintiff-patient to overcome the presumption of proper performance and use of due care and skill of a defendant-doctor. This exception is known as the 'pronounced results' of medical treatment which is so obviously negligent that jurors would recognize the negligence by reason of common knowledge and experience, and expert medical testimony would not be necessary. *Shea v. Phillips*, supra, pp. 271-272 [231 Ga. 269 (98 SE2d 552)]." *Landers v. Ga. Baptist Med. Center*, 175 Ga. App. 500, 501 (1), 502 (333 SE2d 884). In the case sub judice, we find that the plaintiff's allegations of negligent medical treatment for his psychiatric disorder, insect bites, ear problems and a head cold are not sufficient to fall within this "pronounced results" exception. See *Landers v. Ga. Baptist Med. Center*, 175 Ga. App. 500, supra; *Terrell v. West Paces Ferry Hosp.*, 162 Ga. App. 783 (1) (292 SE2d 433). Since the plaintiff failed to submit an expert witness in opposition to avoid summary judgment, and since the plaintiff's allegations do not fall within the "pronounced results" exception, there is no genuine issue as to any material fact to be tried by the jury and it was not error to grant summary judgment to defendant Umberhandt with regard to the plaintiff's allegations of medical malpractice.

(b) 42 USC § 1983. The trial court was correct in finding that "[m]edical personnel employed in state prisons can be liable under 42 U.S.C. § 1983 only when their actions may be characterized as deliberate indifference to the inmate's serious medical needs." *Estelle v. Gamble*, 429 U. S. 97 (97 SC 285, 50 LE2d 251); *Daniels v. Gilbreath*, 668 F2d 477 (5) (10th Cir. 1982). In the case sub judice, there are no facts or allegations within the record showing that Dr. Umberhandt's acts or omissions were so harmful as to evidence a deliberate indifference to the plaintiff's "serious" medical needs. The undisputed affidavit of Dr. Umberhandt showed that the plaintiff was treated for several illnesses, including an alleged psychiatric disorder. There was no evidence showing that Dr. Umberhandt's treatment for these infirmi-

ties subjected the plaintiff to an unreasonable risk of harm. On the contrary, there is no evidence showing that the plaintiff suffered any harm as a result of his alleged medical and psychological infirmities. Consequently, the trial court was correct in granting summary judgment in favor of defendant Umberhandt with regard to the plaintiff's alleged civil rights claim.

*Judgment reversed in Case Number 71536. Judgment affirmed in Case Number 71537. Banke, C. J., and Benham, J., concur.*

DECIDED MARCH 19, 1986.

Lamar Johnson, *pro se.*

Michael J. Bowers, Attorney General, James P. Googe, Executive Assistant Attorney General, Marion O. Gordon, First Assistant Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, Neal B. Childers, Senior Attorney, William P. Tinkler, for appellees.