841 F.2d 1126
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Robert KIMSEY, Plaintiff-Appellant,
v.
T.D. TAYLOR; Mr. Brigano; S.M. Dorsey; Dr. Wattanasarn;
Dr. Devara; Ms. Black; Dr. Bell; Dr. Burnich; Dr.
Vallery; Dr. Schneir; Dr. Osei; Mr. Marshall; Capt. K.
Bucy; Medical Staff of Columbus Correctional Facility,
Defendants-Appellees.
 No. 87-3745.
 United States Court of Appeals, Sixth Circuit.
 March 2, 1988.
 
 Before ENGEL, MERRITT and CORNELIA G. KENNEDY, Circuit Judges.
 
 ORDER
 
 1
 This pro se Ohio prisoner moves for the appointment of counsel in this appeal from the district court's summary judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the briefs and the record, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking damages and injunctive relief, plaintiff alleged that defendants provided inadequate and inappropriate medical care in violation of the eighth amendment. After determining that no genuine issue of material fact existed and that defendants were entitled to judgment as a matter of law, the district court granted defendants' motions for summary judgment and dismissed the case. On appeal, plaintiff argues that medical evidence presented a genuine issue of material fact. He further asserts that he is entitled to a jury trial.
 
 
 3
 Upon review, we conclude that summary judgment was proper. To defeat a motion for summary judgment, plaintiff was required to show the existence of a genuine issue of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). This is one which has the effect of establishing or refuting one of the essential elements of a claim or a defense asserted by the parties. Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir.1984). The medical evidence presented a dispute concerning the choice of treatments, but it did not demonstrate a deliberate indifference to serious medical needs, an essential element of plaintiff's claim. See Estelle v. Gamble, 429 U.S. 97, 105-06 (1976); Young v. Gray, 560 F.2d 201 (5th Cir.1977). Additionally, we note that no trial was required. The function of summary judgment is to dispose of cases without trial. See Schultz v. Newsweek, Inc., 668 F.2d 911, 918 (6th Cir.1982).
 
 
 4
 Accordingly, the motion for appointment of counsel is denied. The district court's summary judgment, entered July 18, 1987, is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.