856 F.2d 195
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth L. SAUNDERS, Plaintiff-Appellant,
v.
Dr. TANEDO; Bonnie Hubbard, Defendants-Appellees.
 No. 88-3183.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1988.
 
 1
 Before ENGEL, Chief Judge, and NATHANIEL R. JONES and ALAN B. NORRIS, Circuit Judges
 
 ORDER
 
 2
 This pro se Ohio prisoner moves for the appointment of counsel in his appeal from the district court's summary judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the briefs and the record, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking damages and injunctive relief, plaintiff Kenneth Saunders alleged that defendants refused to provide medical treatment for his prostate condition. He specifically complained that defendants failed to properly diagnose or treat his prostate condition and erroneously concluded his problems have psychological rather than physiological origins. He requested the appointment of counsel and an examination by a medical expert; his motions were denied. After determining that no genuine issue of material fact existed and that defendants were entitled to judgment as a matter of law, the district court granted defendants' motions for summary judgment and dismissed the case.
 
 
 4
 On appeal, plaintiff argues that medical evidence presented a genuine issue of material fact. He further asserts that the district court erred by denying his motions for appointment of counsel and for an independent medical examination.
 
 
 5
 Upon review, we conclude that summary judgment was proper. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir.1984). Although the medical evidence presented a dispute concerning the diagnosis and the choice of treatments, it did not demonstrate a deliberate indifference to serious medical needs, an essential element of plaintiff's claim. See Estelle v. Gamble, 429 U.S. 97, 105-06 (1976); Young v. Gray, 560 F.2d 201 (5th Cir.1977).
 
 
 6
 We further conclude that the district court did not abuse its discretion by denying plaintiff's motions for appointment of counsel. Contrary to plaintiff's assertions, he has no sixth amendment right to counsel in a civil matter. See Childs v. Duckworth, 705 F.2d 915, 922 (7th Cir.1983). Similarly, the district court did not abuse its discretion by refusing to order an examination by a medical expert. The issue presented, whether defendants were deliberately indifferent to plaintiff's needs, did not require an expert to present or prove the claim. Cf. Johnson v. Hubbard, 698 F.2d 286, 298 (6th Cir.), cert. denied, 464 U.S. 917 (1983).
 
 
 7
 Accordingly, the motion for appointment of counsel is denied. The district court's summary judgment, filed February 2, 1988, is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.