## A92A0670. BAXLEY v. SUTTER et al.
### (417 SE2d 205)

McMurray, Presiding Judge.

Plaintiff Baxley brought suit against J. Lloyd Sutter, Gearline P. Eley and King & Spalding, in the Superior Court of Fulton County. In pertinent part, the complaint reads as follows:

"This pleading, Complaint, is being filed according with the rules which will enable plaintiff to be assigned a judge who will be able to schedule a hearing between plaintiff and the firm, J. Lloyd Sutter and Gearline Eley, and King & Spalding, attorneys. Mr. Sutter by not meeting with plaintiff, has forced this type of action to occur much to plaintiff's regret. Said meeting would have enabled plaintiff to present her side of the issues which in her opinion would have balanced the scales of justice by shedding new light on such a final decision which has resulted in multiple costs, losses and damages. . . . .

"Plaintiff at this time requests a hearing. Plaintiff requests the appointment of an attorney should it be necessary after hearing. An Amended Complaint may or may not follow."

Following the dismissal of the complaint for failure to state a claim upon which relief can be granted, plaintiff appealed. *Held*:

" 'A *pro se* complaint is not held to stringent standards of formal pleadings, *Haines v. Kerner*, 404 U. S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (*Vinnedge v. Gibbs*, 550 F.2d 926 (1) (4th Cir. 1977)), and the "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U. S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also J. Moore, 2A Moore's Federal Practice, ¶ 12.08 at 2265-86 (1972).' *Hughes v. Roth*, 371 FSupp. 740, 741 (D.C.Pa. 1974)." *Johnson v. Jones*, 178 Ga. App. 346, 349 (343 SE2d 403).

Construing the complaint liberally, we conclude that it fails to state a claim for relief. It cannot be said by any stretch of the imagination that the complaint sets forth a "legal basis for recovery." *Poole v. City of Atlanta*, 117 Ga. App. 432, 434 (160 SE2d 874). It follows that the trial court did not err in dismissing the complaint.

*Judgment affirmed. Sognier, C. J., and Cooper, J. concur.*

Decided March 12, 1992 —
Reconsideration denied March 25, 1992.

Jean T. Baxley, *pro se.*
*King & Spalding, M. Robert Thornton, R. Christopher Cook,* for appellees.