## A93A0880. BATTLE v. SEAGO.
(431 SE2d 148)

McMURRAY, Presiding Judge.

This is a sexual harassment action filed pro se by a male inmate against a woman employee of the Department of Corrections. An order denying filing pursuant to OCGA § 9-15-2 (d) was entered and plaintiff Battle appeals. *Held*:

Under the statutory provision, the order denying filing is treated the same as a dismissal. " ' "A *pro se* complaint is not held to stringent standards of formal pleadings, *Haines v. Kerner*, 404 U. S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (*Vinnedge v. Gibbs*, 550 F.2d 926 (1) (4th Cir. 1977)), and the 'complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *Conley v. Gibson*, 355 U. S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also J. Moore, 2A Moore's Federal Practice, ¶ 12.08 at 2265-86 (1972)." *Hughes v. Roth*, 371 FSupp. 740, 741

(D.C.Pa. 1974).' *Johnson v. Jones*, 178 Ga. App. 346, 349 (343 SE2d 403)." *Baxley v. Sutter*, 203 Ga. App. 579 (417 SE2d 205). See also *Johnson v. Jones*, supra.

The complaint in the case sub judice clearly states a claim actionable under 42 USCA § 1983. Plaintiff has not relied on general allegations, but has stated specific allegations of misconduct on the part of defendant Seago within the period of the statute of limitation. Prisoners are entitled to the protection of the Eighth Amendment from sexual harassment at the hands of prison staff. While plaintiff's allegations are somewhat bizarre, we cannot assume that they did not occur. See *McKenzie v. State of Wisconsin, Dept. of Corrections*, 138 FRD 554, 555, and *Vang v. Toyed*, 944 F2d 476 (9th Cir.). The superior court erred in denying the filing of plaintiff's complaint.

*Judgment reversed. Johnson and Blackburn, JJ., concur.*

DECIDED APRIL 20, 1993.

Terry L. Battle, *pro se.*

Michael J. Bowers, *Attorney General*, Daryl A. Robinson, *Senior Assistant Attorney General*, Terry L. Long, *Assistant Attorney General*, for appellee.