## A93A1433. JACKSON v. ZANT.
(436 SE2d 771)

COOPER, Judge.

Lawrence Dennell Jackson, an inmate at the Georgia Diagnostic & Classification Center, sought permission to commence a pro se civil action against Warden Zant. The trial court denied Jackson permission to file his complaint and Jackson brings this direct appeal.

"When a civil action is presented for filing under this Code section by a party who is not represented by an attorney, the clerk of court shall not file the matter but shall present the complaint or other initial pleading to a judge of the court. The judge shall review the pleading and, if the judge determines that the pleading shows on its face such a complete absence of any justiciable issue of law or fact that it cannot be reasonably believed that the court could grant any relief against any party named in the pleading, then the judge shall enter an order denying filing of the pleading. . . . An order denying filing shall be appealable in the same manner as an order dismissing an action." OCGA § 9-15-2 (d).

The pleadings of an inmate proceeding pro se are treated with considerable indulgence, and a complaint should not be dismissed without filing unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to some relief. *Battle v. Seago*, 208 Ga. App. 516 (431 SE2d 148) (1993); *Baxley v. Sutter*, 203 Ga. App. 579 (417 SE2d 205) (1992). Jackson's complaint alleges inhumane and oppressive treatment in violation of due process and OCGA § 42-4-5, in that he has been forced to sleep on the floor for several months. See also OCGA § 42-5-2. These Code sections recognize that, to the very limited extent of providing necessaries, the relationship between warden and inmate is akin to that of guardian and ward, always subject to the exigencies of incarceration and prison life. See *Alford v. Osei-Kwasi*, 203 Ga. App. 716 (418 SE2d 79) (1992). "Courts of general equity jurisdiction . . . have general supervisory authority and jurisdiction of the persons . . . of *all* citizens who are under any legal disability. [Cits.]" (Emphasis supplied.) *Sangster v. Toledo Mfg. Co.*, 193 Ga. 685, 690 (1) (19 SE2d 723) (1942). Where, as here, the petition alleges a guardian's disregard for the necessaries of the ward, equity is invoked with very broad discretionary authority. See, e.g., *Sharp v. Findley*, 71 Ga. 654, 666 (1) (1884). The complaint further alleges that petitioner's situation is not remediable via the grievance procedures established at the

diagnostic center. Treating this allegation as true, as must be done under the standard of OCGA § 9-11-12 (b) (6), it is conceivable that a superior court judge would direct the warden to provide suitable bedding for the inmate. Accordingly, the superior court erred in denying the filing of the complaint in toto. *Gonzalez v. Zant*, 199 Ga. App. 13 (403 SE2d 880) (1991); *Acker v. Veal*, 183 Ga. App. 297 (359 SE2d 7) (1987). However, as to Jackson's claims for money damages, the complaint fails to show the existence of any justiciable issue of law or fact, and, as to that claim for relief, the order of the superior court refusing to file the complaint is affirmed. *McBride v. Gaither*, 203 Ga. App. 885 (418 SE2d 67) (1992).

*Judgment affirmed in part and reversed in part. Beasley, P. J., and Smith, J., concur.*

DECIDED OCTOBER 19, 1993.

Lawrence D. Jackson, *pro se.*
*Michael J. Bowers, Attorney General, C. A. Benjamin Woolf, Assistant Attorney General*, for appellee.