A96A1493. VAN ALSTINE v. MERRITT.
(476 SE2d 6)

Judge Harold R. Banke.
Enumerating four errors, James Van Alstine, acting pro se, appeals the denial of his motion for an interlocutory injunction and the grant of summary judgment in favor of Dr. George Merritt.

Van Alstine, a former law enforcement officer currently serving a life sentence for felony murder, sued Dr. George Merritt, the medical director of Georgia State Prison, alleging negligence, medical malpractice, and constitutional violations based on purportedly inadequate medical treatment and indifference to his medical needs. Although Van Alstine asserted that he experienced problems relating

to a serious heart condition, control of diabetes, and an improperly treated ear infection, the gravamen of his action is the denial of his repeated requests to be seen by a cardiologist. He also asserted that he had been denied proper medical care because Merritt refused to transfer him to a medical unit at another prison. In a letter to Merritt, Van Alstine articulated his desire as a former law enforcement officer to leave Georgia State Prison due to possible contact with fellow inmates. Van Alstine's medical records and prison grievance forms document multiple complaints of chest pains, shortness of breath, episodes of heart racing, and breathing problems.

The trial court granted summary judgment to Merritt determining as a matter of law that no genuine issues of material fact remained to be tried, and that Van Alstine failed to show any abuse of discretion in the denial of the requested transfer. The court also concluded that it lacked the authority to transfer Van Alstine to another facility. *Held*:

1. The trial court properly granted summary judgment to Merritt on Van Alstine's civil rights claim.[1] Medical personnel employed in state prisons can be liable under 42 USC § 1983 only when their actions constitute deliberate indifference to the inmate's serious medical needs resulting in an "unnecessary and wanton infliction of pain." (Citation and punctuation omitted.) *Estelle v. Gamble*, 429 U. S. 97, 104 (97 SC 285, 50 LE2d 251) (1976). In order to implicate the protections of the Eighth Amendment to the United States Constitution, it must appear that the medical treatment provided to the inmate could be considered cruel and unusual conduct. *Johnson v. Jones*, 178 Ga. App. 346, 348 (343 SE2d 403) (1986). Mere negligence alone is inadequate to support an Eighth Amendment claim. *Wilson v. Seiter*, 501 U. S. 294, 305 (111 SC 2321, 115 LE2d 271) (1991). Moreover, to prevail on an Eighth Amendment claim, an inmate must show not only the infliction of cruel and unusual punishment but also must show a culpable state of mind on the part of prison officials. *Wilson*, 501 U. S. at 296.

In opposition to Merritt's summary judgment motion, Van Alstine offered only his own affidavit and failed to offer any medical testimony which would show inadequate medical care, let alone deliberate indifference to serious medical needs. In support of summary judgment, Merritt provided Van Alstine's medical records and his own affidavit. The medical records show that Van Alstine visited the medical department on numerous occasions and that Merritt, other physicians, and medical personnel responded to his various

---

[1] In his enumeration of error, Van Alstine incorrectly characterizes the trial court's grant of summary judgment as a dismissal.

complaints. According to Merritt's testimony, he acted within the standard of care for physicians generally in similar circumstances. Van Alstine's medical records as well as Merritt's affidavit establish the absence of deliberate indifference to serious medical needs. *Payne v. Golden*, 245 Ga. 784, 785 (267 SE2d 211) (1980).

Merritt's medical judgment not to order a consultation by a cardiologist and his decision not to grant Van Alstine's transfer request do not rise to the level of a constitutional violation. *Estelle*, 429 U. S. at 107. Because no genuine issue of material fact remains, Merritt was entitled to judgment as a matter of law. OCGA § 9-11-56 (c).

2. Merritt was entitled to summary judgment on Van Alstine's medical malpractice claim because Van Alstine failed to attach a professional affidavit to his complaint as required by OCGA § 9-11-9.1 (a). *Bowen v. Adams*, 203 Ga. App. 123 (416 SE2d 102) (1992).

3. Having determined in Division 1 that Merritt was entitled to summary judgment, we need not address the issue of the scope of qualified immunity.

4. The record fails to show that the trial court ruled on the requested interlocutory injunction. Because no judgment was entered, nothing is properly presented for appellate review. OCGA § 5-6-33; *Garland v. State of Ga.*, 101 Ga. App. 395, 398 (1) (114 SE2d 176) (1960).

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 26, 1996 —
RECONSIDERATION DISMISSED SEPTEMBER 12, 1996.

James E. Van Alstine, *pro se.*

*Michael J. Bowers, Attorney General, William P. Tinkler, Jr., Stephen D. Morrison, Jr.*, for appellee.