A97A1578. WEBB v. CARROLL COUNTY et al.
(494 SE2d 196)

BIRDSONG, Presiding Judge.

Michael D. Webb appeals the grant of summary judgment to Carroll County, Richard Turner, Fred Robbells, and David Wilson on his claims against them arising from his injury incurred while a prisoner in the county correctional institute. Webb was injured while he was installing a plow point on a piece of county equipment when either the point or the hammer Webb was using to pound the point into place broke off and struck him in the eye. As a result of the injury, Webb lost his eye. Webb contends that because the defendants did not provide him with protective goggles and provide him with prompt medical care, the defendants violated his rights under the Eighth Amendment to the United States Constitution, 42 USC § 1983, and Georgia tort law. After the trial court granted the appellees' motion for summary judgment, this appeal followed. *Held*:

1. Webb's allegations concerning the Eighth Amendment violation and 42 USC § 1983 are without merit. " 'Not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny. . . . After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. . . . It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs or restoring official control over a tumultuous cellblock. . . .' *Whitley*[ *v. Albers*, 475 U. S. 312,] 319

[(106 SC 1078, 89 LE2d 251)]." *Alford v. Osei-Kwasi*, 203 Ga. App. 716, 718-719 (418 SE2d 79).

"To state an Eighth Amendment violation for inadequate medical care under *Estelle v. Gamble*, [429 U. S. 97, 104 (97 SC 285, 50 LE2d 251)], it must be shown that [Webb's] treatment was 'so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness or where the medical care is so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care.' *Rogers v. Evans*, 792 F2d 1052, 1058 (11th Cir. 1986)." Id. at 722-723. The claims that Webb asserted fail to reach this standard. Accordingly, the trial court did not err by granting summary judgment to the appellees on Webb's claims under the Eighth Amendment and 42 USC § 1983.

2. Nevertheless, we must reverse the grant of summary judgment on the state law tort claims. As the trial court's determinations that sovereign immunity was waived by the purchase of insurance and that Webb could be considered an employee of the county were not challenged on appeal, we must consider whether the defendants breached their obligations to Webb as his employer and supervisors. Under OCGA § 34-7-20 an employer shall exercise "ordinary care in . . . furnishing machinery equal in kind to that in general use and reasonably safe for all persons who operate it with ordinary care and diligence. If there are latent defects in machinery or dangers incident to an employment, which defects or dangers the employer knows or *ought to know* but which are unknown to the employee, then the employer shall give the employee warning with respect thereto." (Emphasis supplied.) Under the evidence in this record in which it has been shown that the defendants had possession of a booklet stating that employees changing pins on this equipment should wear safety goggles, it is a jury question whether the defendants were required to provide safety goggles or warn Webb of the dangers of working without them. The evidence that the supervisor concerned had never seen anyone wearing safety goggles while working with such equipment is not sufficient to remove this issue from the jury. *Strickland v. Howard*, 214 Ga. App. 307, 308 (447 SE2d 637).

3. As Webb has not challenged the trial court's ruling in favor of appellees Wilson and Robbells, the judgment in their favor is also affirmed.

*Judgment affirmed in part and reversed in part. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 10, 1997 —
RECONSIDERATION DENIED DECEMBER 2, 1997 — 

*Carl V. Kirsch, Dock H. Davis*, for appellant.

*Barnhart, O'Quinn & Williams, Terry E. Williams, Kristina H. Blum,* for appellees.