A98A1424. MERRITT v. ATHENS CLARKE COUNTY, GEORGIA.
(504 SE2d 41)

ELDRIDGE, Judge.

This is an appeal from the grant of summary judgment in an action under 42 USCS § 1983 brought by Farris L. Merritt, plaintiff-appellant. Merritt, a former county prisoner, brought his action for cruel and unusual punishment as an Eighth Amendment violation of his rights under the United States Constitution through "acts [and] omissions sufficiently harmful to evidence deliberate indifference to serious medical needs," while a prisoner under state sentence in the Athens Clarke County jail. *Estelle v. Gamble*, 429 U. S. 97; 106 (97 SC 285, 50 LE2d 251) (1976). Athens Clarke County is the defendant-appellee.

While serving a sentence for drunk driving, plaintiff injured his right, ring finger on June 8, 1991. On June 21, 1991, plaintiff made the first written request to employees of the sheriff for medical attention for his finger. However, between June 2, 1991 and June 16, 1991, plaintiff made ten requests for medical attention without reference to his finger; between June 2 and June 7 plaintiff made six medical requests for "pain pills" and the seventh requesting aspirin.

On June 21 and 22, 1991, plaintiff saw the Athens Clarke County-furnished physician, Dr. Clark, for his finger; the physician made an appointment for plaintiff to see an orthopedist at the defendant's expense. On July 2, 1991, plaintiff was taken by the sher-

iff's office to the Athens Orthopedic Clinic where he was examined by Dr. Moye. According to the plaintiff's hearsay testimony, Dr. Moye diagnosed plaintiff's finger as having a torn tendon. According to plaintiff's hearsay testimony, Dr. Moye told the escorting deputy, in whose custody plaintiff was, that the finger required surgery very soon before permanent damage occurred and requested that plaintiff be returned within two to three days so that Dr. Moye could perform surgery. There was no evidence that Dr. Moye communicated such information in writing or by telephone to either the sheriff, head jailor, Dr. Clark, or any official for Athens Clarke County. Dr. Moye was never deposed nor did he provide an affidavit stating that plaintiff's permanent loss of the use of his finger was caused by the failure to operate upon the tendon within the time that plaintiff remained in the custody of Athens Clarke County. Plaintiff's witness, Dr. Safyer, who had previously performed a medical inspection for another similar suit, gave an affidavit and report, which went only to the medical policy, practices, and conditions at the Athens Clarke County jail at the time the report was made on November 12, 1990, prior to plaintiff's sentence.

On July 8, 1991, plaintiff was transported to the Georgia Diagnostic & Classification Center in Jackson, Georgia, where, as a state prisoner, he could have adequate medical treatment for his injured finger. After arriving at Georgia Diagnostic on July 8, plaintiff did not see or request to see a physician. Plaintiff saw the head physician, Dr. Cowl, approximately one week later and was told that they were not going to operate on his finger. While at the Georgia Diagnostic Center, plaintiff was not seen again by any physician.

On August 7, 1991, plaintiff was released from Georgia Diagnostic. On August 9, 1991, after returning to Athens, plaintiff testified that he went to see Dr. Moye. Plaintiff gave hearsay testimony that Dr. Moye told him that it was too late to correct the damage to the tendon and that he could operate on the nerve only to relieve pain, which operation was performed in October 1992. Thus, the record is silent as to competent and admissible evidence for purposes of summary judgment from Dr. Moye as to causation of plaintiff's permanent injury and Dr. Moye's proposed treatment on July 2.

All of plaintiff's enumerations of error raise in different ways the same issue, i.e., that the trial court erred in granting summary judgment on the 42 USCS § 1983 action for an Eighth Amendment violation through deliberate indifference in providing medical care to the plaintiff as a prisoner. We do not agree.

(1) "To state an Eighth Amendment violation for inadequate medical care under *Estelle v. Gamble*, supra, it must be shown that [Merritt's] treatment was 'so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamen-

tal fairness or where the medical care is so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care.' *Rogers v. Evans*, 792 F2d 1052, 1058 (11th Cir. 1986)." *Alford v. Osei-Kwasi*, 203 Ga. App. 716, 722-723 (418 SE2d 79) (1992); accord *Webb v. Carroll County*, 229 Ga. App. 584 (494 SE2d 196) (1997); *Cantrell v. Thurman*, 231 Ga. App. 510 (499 SE2d 416) (1998).

"Not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny. After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." (Punctuation omitted.) *Alford v. Osei-Kwasi*, supra at 718-719, citing *Whitley v. Albers*, 475 U. S. 312, 319 (106 SC 1078, 89 LE2d 251) (1986); accord *Webb v. Carroll County*, supra at 584-585; see also *Cantrell v. Thurman*, supra at 512. "Also, delay in access to medical care that is tantamount to unnecessary and wanton infliction of pain may constitute deliberate indifference to a prisoner's serious medical needs." (Citations and punctuation omitted.) *Adams v. Poag*, 61 F3d 1537, 1544 (11th Cir. 1995); see also *Brown v. Hughes*, 894 F2d 1533, 1537 (11th Cir. 1990). All of these cases require knowledge of the medical needs of the plaintiff and the intentional refusal to provide such necessary care in order for such conduct to constitute "deliberate indifference" as an Eighth Amendment violation within *Estelle*. Our cases have consistently held that *"knowledge of the need for medical care"* and *"an intentional refusal to provide that care"* constitute "deliberate indifference." (Emphasis supplied.) *Carswell v. Bay County*, 854 F2d 454, 457 (11th Cir. 1988); *Ancata v. Prison Health Svcs.*, 769 F2d 700, 704 (11th Cir. 1985). "But the question whether [certain treatment] — or additional diagnostic techniques or forms of treatment — is indicated is a classic example of a matter for medical judgment. A medical decision not to order [certain treatment or diagnostic tests], or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court." *Estelle*, supra at 107.

(2) For plaintiff to recover under 42 USCS § 1983 for a violation of the Eighth Amendment that caused him injury, there must be evidence in the record showing that, in this case, the constitution was actually violated; that the violation was a knowing and intentional

act under the color of state action, i.e., the existence of a governmental policy of deliberate indifference; and that such violation proximately caused his injury. *Collins v. City of Harker Heights*, 503 U. S. 115, 120-124 (112 SC 1061, 117 LE2d 261) (1992). A governmental entity, Athens Clarke County, can be held liable for a governmental policy only when there is a constitutional violation and such violation is shown to causally produce the injury; the policy must cause the constitutional violation as the "moving force." *Monell v. Dept. of Social Svcs.*, 436 U. S. 658, 690-694 (98 SC 2018, 56 LE2d 611) (1978). If the government itself is to be held liable, as opposed to holding its employees liable individually, then such liability must arise from a governmental policy of action or inaction that caused the constitutional violation, as well as the injury. Liability cannot be imposed under 42 USCS § 1983 based upon the doctrine of respondeat superior, alone, in any event. "The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." (Emphasis in original.) *Bryan County v. Brown*, 520 U. S. ___, ___ (117 SC 1382, 137 LE2d 626, 639) (1997); *Monell*, supra at 691-695. Some employee or agent must intend to act or refuse to act based upon such governmental policy.

The evidence of the mere existence of a policy, alone, that could violate the constitutional rights of the plaintiff *if* carried into effect is insufficient to establish that a constitutional violation of plaintiff's rights occurred. A causal connection between such policy and plaintiff's injury must be shown by competent evidence. Government does not act or fail to act in a vacuum; its policies are implemented by employees or agents. The evidence in the record must show that such government policy was, in fact, implemented by an employee or agent and that such implementation of the unconstitutional policy did, in fact, cause his injury. Thus, the evidence must show that specific acts or omissions in implementation of the policy caused plaintiff's injury and were not the result of independent acts of employees outside the policy that were individually negligent or vindictive or that such injury was not the result of independent third-party action, i.e., failure of the Georgia Diagnostic & Classification Center to treat the plaintiff while the tendon in his finger could still be repaired surgically without permanent damage.

Thus, the threshold issue as to governmental, constitutional liability must be the existence or absence of an actual constitutional injury caused by the Athens Clarke County employee, employees, or agent and not merely a potential or possible violation. Absent a con-

stitutional violation causing the injury, no action exists. "Because we conclude that a determination by the jury that City personnel were *not deliberately indifferent* to [the plaintiff's medical] needs would not have been against the great weight of the evidence, we need not consider whether any deficient City policy existed. [Cits.]" (Emphasis supplied.) *Hardin v. Hayes*, 52 F3d 934, 939, n. 8 (11th Cir. 1995); see also *City of Los Angeles v. Heller*, 475 U. S. 796, 799 (106 SC 1571, 89 LE2d 806) (1986). "If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point." (Emphasis in original.) Id.

Thus, evidence of Athens Clarke County's past violation of other prisoners' Eighth Amendment rights as to medical care, i.e., Dr. Safyer's report, does not establish that the same violation occurred with the plaintiff or that, if it did, it caused his injury. At most, the evidence in the record established the objective, deliberate indifference through policy but not the subjective, causative act through carrying out such policy. For purpose of summary judgment only, we will assume that such past governmental policy continued to exist at the time of plaintiff's injury; however, we cannot, absent evidence in the record, assume from the existence of such policy that the policy was, in fact, implemented in plaintiff's case, causing his injury. There must be evidence to show that the policy was implemented and that such intentional implementation of the policy caused plaintiff's injury.

Thus, under *Estelle*, the constitutional violation of "deliberate indifference" can be established only after determining two components: (1) whether evidence of a serious medical need existed, and (2) whether the defendant's response to that need amounted to deliberate indifference. *Farmer v. Brennan*, 511 U. S. 825 (114 SC 1970, 128 LE2d 811) (1994); *Adams v. Poag*, supra. Deliberate indifference has an objective and a subjective element, both of which must exist to establish a constitutional violation. The objective deliberate indifference is evidenced by the existence of a governmental policy, while the subjective deliberate indifference is the actual act or omission pursuant to such policy by a governmental employee that caused plaintiff's injuries. *Farmer v. Brennan*, supra at 851 (Blackmun, J., concurring). Therefore, the alleged violation of the Eighth Amendment turns upon whether there has been a subjective deliberate indifference displayed by a jailor/prison official by act or failure to act, pursuant to the policy, toward the plaintiff. *Wilson v. Seiter*, 501 U. S. 294, 296-299 (111 SC 2321, 115 LE2d 271) (1991); *Hardin v. Hayes*, supra at 939.

(3) Such threshold question of constitutional violation "mandate[s] inquiry into a [jailor or] prison official's state of mind."

*Farmer v. Brennan*, supra at 826, quoting *Wilson v. Seiter*, supra at 299. As to the definition of deliberate indifference, "[w]e hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, supra at 837; accord *Yizar v. Ault*, 265 Ga. 708, 709 (462 SE2d 141) (1995). Thus, absent evidence in the record that a jailor/prison official acted or failed to act, despite knowledge of the substantial risk of harm to plaintiff of permanent injury under the policy, there is a failure by the plaintiff on summary judgment to come forward with evidence of subjective deliberate indifference, although there may be evidence of objective deliberate indifference. *Hardin v. Hayes*, supra at 939; see also *Farmer v. Brennan*, supra; *Cottrell v. Caldwell*, 85 F3d 1480, 1490-1491 (11th Cir. 1996); *Adams v. Poag*, supra at 1537.

Under *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), after the defendant-movant demonstrates the absence in the record of any evidence or favorable inference for the respondent giving rise to a material issue of fact as to one essential element of plaintiff's claim, the plaintiff must come forward with evidence as to such missing essential element to create an issue of fact for the jury or suffer the grant of summary judgment against him. OCGA § 9-11-56 (e). Plaintiff, in this case, failed to come forward with some admissible evidence to create a material issue of fact as to the intentional act or omission of defendant's agents or employees: that defendant's agents or employees had with knowledge of the serious medical need of the plaintiff to have surgery in order to avoid permanent injury; failed to provide surgery to the plaintiff; and such failure was the cause of plaintiff's permanent injury.

Further, the Georgia appellate courts have held "to prevail on an Eighth Amendment claim, an inmate must show not only the infliction of cruel and unusual punishment but also *must show a culpable state of mind on the part of prison officials*." (Emphasis supplied.) *Van Alstine v. Merritt*, 222 Ga. App. 734, 735 (1) (476 SE2d 6) (1996); *Johnson v. Jones*, 178 Ga. App. 346, 348 (343 SE2d 403) (1986). "Mere negligence alone is inadequate to support [cruel and unusual conduct]." *Van Alstine v. Merritt*, supra at 735; see also *Estelle*, supra at 107; *Wilson v. Seiter*, supra at 305. Absent evidence in the record as to a culpable state of mind of the jailor or jailers to establish a constitutional violation, and absent evidence as to the actual causation of the permanent injury, the trial court properly granted summary judgment. *Monell*, supra at 692.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JULY 1, 1998.

Thomas M. Strickland, Benjamin C. Free, for appellant.
McLeod, Benton, Begnaud & Marshall, Andrew H. Marshall, Michael C. Pruett, for appellee.