A02A1355. DEPARTMENT OF CORRECTIONS v. BARKWELL.
(570 SE2d 13)

BLACKBURN, Chief Judge.

In this action regarding the State's duty to provide medical care to its inmates pursuant to OCGA § 42-5-2, the Georgia Department of Corrections appeals the trial court's grant of summary judgment to Mitchell Randy Barkwell, contending that the trial court erred by concluding that the Department could not bring suit against Barkwell for reimbursement of State funds used to treat inmates injured in an automobile collision allegedly caused by Barkwell. For the reasons set forth below, we reverse.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

The relevant facts of this case are undisputed. On May 18, 1999, Barkwell drove his truck into the path of a Department van transporting inmates. In order to avoid a collision, the driver of the Department van swerved quickly, and the van ran into an embankment. As a result of this accident, the State incurred $27,319.51 in expenses to treat the injuries of the inmates riding in the van.

On January 19, 2001, the Department brought suit against Barkwell, seeking reimbursement for the expenses of treating the injured inmates. On July 19, 2001, Barkwell filed a motion for summary judgment, contending that the State had the duty and sole responsibility to pay for the inmates' care pursuant to OCGA § 42-5-2. Barkwell further argued that no statutory or common law principles of law would allow the State to recover the damages precipitated by his negligent act. We disagree.

OCGA § 42-5-2 (a) provides:

Except as provided in subsection (b) of this Code section, it shall be the responsibility of the governmental unit, subdivision, or agency having the physical custody of an inmate to maintain the inmate, furnishing him food, clothing, and any needed medical and hospital attention. . . . Except as provided in subsection (b) of this Code section, it shall be the responsibility of the department to bear the costs of any reasonable and necessary emergency medical and hospital care which is provided to any inmate after the receipt by the department of the notice provided by subsection (a) of Code Section 42-5-50 who is in the physical custody of any other political subdivision or governmental agency of this state, except a county correctional institution, if the inmate is available and eligible for the transfer of his custody to the department pursuant to Code Section 42-5-50. Except as provided in subsection (b) of this Code section, the department shall also bear the costs of any reasonable and necessary follow-up medical or hospital care rendered to any such

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

inmate as a result of the initial emergency care and treatment of the inmate. With respect to state inmates housed in county correctional institutions, the department shall bear the costs of direct medical services required for emergency medical conditions posing an immediate threat to life or limb if the inmate cannot be placed in a state institution for the receipt of this care. The responsibility for payment will commence when the costs for direct medical services exceed an amount specified by rules and regulations of the Board of Corrections. The department will pay only the balance in excess of the specified amount. Except as provided in subsection (b) of this Code section, it shall remain the responsibility of the governmental unit having the physical custody of an inmate to bear the costs of such medical and hospital care, if the custody of the inmate has been transferred from the department pursuant to any order of any court within this state. The department shall have the authority to promulgate rules and regulations relative to payment of such medical and hospital costs by the department.

Barkwell argues that, because OCGA § 42-5-2 (a) makes the State responsible for the medical care of inmates, negligent third parties who injure such inmates are essentially absolved from any liability for their actions. We reject this construction of the statute.

"Code sections [42-4-5 and 42-5-2] recognize that, to the very limited extent of providing necessaries, the relationship between warden and inmate is akin to that of guardian and ward, always subject to the exigencies of incarceration and prison life." *Jackson v. Zant.*[2] A guardian has a statutory duty to provide necessaries and medical care for his ward, just as a parent must provide for his child. See OCGA §§ 29-2-1; 19-7-2. If, however, a third party negligently injures a ward, the guardian may bring an action against that third party on behalf of the ward to recover medical expenses. To hold otherwise would immunize the negligent from responsibility for damages resulting from their conduct.

Barkwell cannot escape the consequences of his acts simply because the State has a statutory duty to care for the inmates it holds. Once the State fulfills its duty to provide care, as it has done so in this case, it may proceed against a third party such as Barkwell who caused the injuries. While Barkwell would have us rule that the taxpayers of this State must insure negligent parties who bring harm to inmates, we reject his interpretation of the law. If it is proven that

---

[2] *Jackson v. Zant*, 210 Ga. App. 581 (436 SE2d 771) (1993).

he drove negligently, he may be held responsible for the damages resulting from that negligence.

*Southern Gen. Ins. Co. v. Ezekiel*[3] and *Govt. Employees Ins. Co. v. Hirsh*,[4] cited by Barkwell, are distinguishable on their facts from this matter. Those cases stand for the proposition that an insurance company may not directly sue a tortfeasor due to OCGA § 44-12-24's prohibition on the assignment of personal injury claims. Here, there is no insurance company involved, no insured paying premiums for coverage, and no subrogation issues. Accordingly, the mandates of these cases and OCGA § 44-12-24 are simply not applicable.

*Judgment reversed. Johnson, P. J., and Miller, J., concur.*

DECIDED JULY 25, 2002 —
RECONSIDERATION DENIED AUGUST 7, 2002.

*Thurbert E. Baker, Attorney General, Daniel M. Formby, Deputy Attorney General, John B. Ballard, Jr., Senior Assistant Attorney General, Reddy & Silvis, K. Prabhaker Reddy, Donahue S. Silvis*, for appellant.

*Downey & Cleveland, Robert C. Harrison*, for appellee.

---

[3] *Southern Gen. Ins. Co. v. Ezekiel*, 213 Ga. App. 665 (445 SE2d 807) (1994).
[4] *Govt. Employees Ins. Co. v. Hirsh*, 211 Ga. App. 374, 375 (439 SE2d 59) (1993).