A05A1291. SEAY v. ROBERTS.
(620 SE2d 417)

BARNES, Judge.

J. R. Seay, proceeding pro se, appeals the trial court's dismissal of his action to quiet title against William Roberts. For the following reasons, we hold that the trial court did not err in dismissing Seay's action.

The IRS seized real property belonging to Seay in 1995 to satisfy delinquent taxes. Seay filed a motion in federal court for a temporary restraining order to prevent the IRS from auctioning the property, contending that the IRS had failed to follow its own administrative procedures in levying against his property and that the federal

government lacked the authority to collect income taxes. In 2003, the District Court for the Middle District of Georgia dismissed Seay's motion, finding Seay's contentions meritless, and the motion presented merely to "delay and hinder" the resolution of the case. The district court further held that Seay was not entitled to injunctive relief because he had not shown that he would be entitled to permanent relief, and also because it lacked subject matter jurisdiction to grant such relief under the Anti-Injunction Act, 26 USC § 7421.

In 2004, Seay once again filed a motion for a temporary restraining order and for a preliminary injunction to prevent the IRS from auctioning his property. He again asserted that the government lacked legislative jurisdiction to sell his property. The federal district court denied Seay's motion, finding that the issues raised by Seay were "virtually identical" to those issues raised in the previous case. The court stated that there was a "great likelihood that recovery is barred by the doctrines of res judicata or collateral estoppel."

The IRS subsequently sold Seay's real property at auction to William Roberts. Seay then filed the underlying action to quiet title against Roberts in superior court, alleging that Roberts failed to exercise due diligence to make assurances that the IRS followed its procedures to make a lawful levy and sale of the real property, and that Roberts's quitclaim deed from the IRS was void. Roberts filed a motion to dismiss. In its hearing on the motion to dismiss, the trial court determined that the issue of whether the IRS had correctly followed its procedures was previously decided in federal court, and granted the motion to dismiss.

This appellate court reviews de novo a trial court's ruling on a motion to dismiss. *Ga. Lien Svcs. v. Barrett*, 272 Ga. App. 656, 657 (1) (613 SE2d 180) (2005). A motion to dismiss may be granted where a complaint lacks any legal basis for recovery. *Poole v. City of Atlanta*, 117 Ga. App. 432, 434 (2) (160 SE2d 874) (1968). We do not, however, hold pro se complaints to the stringent standards of formal pleadings, and, in so liberally construing them, we dismiss such claims only if the plaintiff cannot prove any facts that would entitle him to relief. *Baxley v. Sutter*, 203 Ga. App. 579 (417 SE2d 205) (1992).

In this case, Seay's arguments against Roberts are barred by collateral estoppel. Georgia's collateral estoppel doctrine "precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies." *Shields v. BellSouth Advertising &c.*, 273 Ga. 774, 777 (545 SE2d 898) (2001). Privity is established where a party's interests are fully congruent with "a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right." *Pinkard v. Morris*, 215 Ga. App. 297 (1) (450 SE2d 330) (1994).

Roberts purchased Seay's real property from the IRS after the IRS had already litigated issues raised by Seay in two cases. Roberts was the successor to the IRS's interest in the real property, and as such is a privy of the IRS in its litigation with Seay. The district court ruled against Seay's claims that the IRS did not follow its procedure, and that the federal government was without authority to collect taxes. Roberts is entitled to collateral estoppel on those issues in this case. We find no legal basis for recovery in Seay's complaint, and hold that the trial court did not err in granting the motion to dismiss.

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED AUGUST 11, 2005 —
RECONSIDERATION DENIED AUGUST 31, 2005.

J. R. Seay, *pro se.*
*Richard A. Greenberg*, for appellee.