A05A2345. SEAY v. AVAZEH COHAN, LLC.
A05A2346. SEAY v. BARWICK.
A05A2347. SEAY v. POLYIDUS OROS, L.P.
A05A2348. SEAY v. WILLIS.
(626 SE2d 179)

JOHNSON, Presiding Judge.

These cases are consolidated in the interest of judicial economy. In all four cases, J. R. Seay, proceeding pro se, appeals the trial court's dismissal of his actions to quiet title against Avazeh Cohan, LLC, Dara Barwick, Polyidus Oros, L.P., and James Willis (collectively the appellees). The central issue is whether Seay's complaints against the appellees are barred by the doctrine of collateral estoppel. The trial court not only ruled that Seay's actions were barred, but also awarded the appellees costs of litigation and attorney fees pursuant to OCGA § 9-15-14. We find no error and affirm the trial court's orders.

The record shows that the Internal Revenue Service (IRS) seized real property belonging to Seay in 1995 to satisfy delinquent taxes.

Seay filed a motion in federal court for a temporary restraining order to prevent the IRS from auctioning the property, contending that the IRS had failed to follow its own administrative procedures in levying against his property and that the federal government lacked the authority to collect income taxes. In 2003, the federal district court dismissed Seay's motion, finding Seay's arguments "frivolous and presented to delay and hinder the Court's resolution of this 'case.' "[1] The district court noted that the Eleventh Circuit Court of Appeals had previously upheld sanctions imposed upon the taxpayer for making such frivolous arguments.[2]

In 2004, Seay filed a complaint to quiet title and once again filed a motion for a temporary restraining order and for a preliminary injunction to prevent the IRS from auctioning his property. He again asserted that the government lacked legislative jurisdiction to sell his property. The federal district court denied Seay's motion, finding that the issues raised by Seay were "identical" to those issues raised in the previous case.[3] The district court found that Seay's complaint to quiet title was frivolous and dismissed the complaint.[4]

The IRS subsequently sold Seay's real property to the appellees in a public auction. Seay then filed the underlying actions to quiet title against the appellees in superior court, alleging that the appellees failed to exercise due diligence to make assurances that the IRS followed its procedures to make a lawful levy and sale of the real property, and that the appellees' quitclaim deeds from the IRS were void. The appellees filed motions to dismiss. In its hearings on the motions to dismiss, the trial court determined that the issue of whether the IRS had correctly followed its procedures was previously decided in federal court, and granted the motions to dismiss. We find no error. Seay's arguments against the appellees are barred by collateral estoppel.

This case is directly on point with another such case brought by Seay and previously decided by this Court.[5] As we found in that case, "Georgia's collateral estoppel doctrine precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies."[6] As in the previous case, the appellees in this case are privies of the IRS in its litigation with Seay because they purchased Seay's real

---

[1] *In the Matter of the Tax Indebtedness of J. R. Seay*, 2003 U. S. Dist. LEXIS 13873 at *4 (M.D. Ga. 2003).

[2] Id.

[3] *Seay v. United States of America*, 2005 U. S. Dist. LEXIS 2969 (M.D. Ga. 2005).

[4] Id.

[5] *Seay v. Roberts*, 275 Ga. App. 295 (620 SE2d 417) (2005).

[6] (Citation and punctuation omitted.) Id. at 296.

property from the IRS after the IRS had already litigated issues raised by Seay in two cases. The appellees were the successors to the IRS's interest in the real property, and, as such, are entitled to the benefit of the district court's ruling against Seay's claims that the IRS did not follow its procedure and that the federal government was without authority to collect taxes. We find no legal basis for recovery in Seay's complaints and hold that the trial court did not err in granting the motions to dismiss.

*Judgments affirmed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED JANUARY 11, 2006.

J. R. Seay, *pro se.*
*Alexander & Vann, George R. Lilly II,* for appellees.